MANUEL SEOANE-SAN MARTIN, Plaintiff and Appellant, v. FERNANDO J. AND ANGEL CORTÉS, Defendants and Appellees.

No. 4661. Argued July 2, 1928.—Decided November 28, 1928.

F. *Soto Gras* for the appellant. *Frazer & Castro Fernández* for appellee F. J. Cortés. *J. Martínez Dávila* for appellee Angel Cortés.

Mr. Chief Justice Del Toro delivered the opinion of the court.

We are asked to dismiss this appeal because no notice of appeal was given in time to one of the defendant-appellees.

Manuel Seoane San Martín brought an action against Fernando J. Cortés and Angel C. Cortés praying for judgment to the effect that a sale apparently made by Fernando to Angel had never been made, its simulation being for the purpose of defrauding the plaintiff, a lawful creditor of defendant Fernando J. Cortés.

The defendants filed separate answers opposing to the allegations of the complaint the existence and truth of the transaction and denying the allegation of fraud. The two defendants appeared by attorneys Frazer and Castro Fernández.

At the trial the following occurred:

"On the 8th day of February, 1927, this case was called for trial. The plaintiff appeared by attorney F. Soto Gras and defendants Fernando J. Cortés and Angel C. Cortés by attorneys Castro Fernández and José Martínez Dávila, respectively.

"Defendant.—Attorney Castro: There are two defendants in this case, Fernando J. Cortés and Angel C. Cortés, and I want to state to the court that I represent only defendant Fernando J. Cortés and and that defendant Angel C. Cortés will be represented by José Martínez Dávila.

"Plaintiff: The answer of the other defendant, Angel C. Cortés, is filed and signed by Frazer and Castro as attorneys of record, and there has been no official motion for substitution or notice to my client of that substitution, therefore, it seems to me that such is not the adequate procedure for a substitution. I have no objection, because it does not concern me who represents this defendant, but it does not seem to me that such is the proper procedure, because if my colleague represents the other, what right has he to suggest a substitution? Not even the attorney who is going to represent Angel C. Cortés has said anything.

"Defendant—Attorney Martínez Dávila: I represent Angel C.

Cortés and we are going to make entirely separate defenses from those of the other defendant to sustain the allegations of our answer.

"Defendant—Attorney Castro: If you wish, I can do it in the form of a motion. I ask to be considered as having withdrawn from the representation of Angel C. Cortés, because he is now represented by attorney José Martínez Dávila.

"Plaintiff: Is that in Frazer's name also?

"Defendant—Attorney Castro: Yes, sir.

"Judge: Then attorneys Frazer and Castro Fernández are considered as having retired from the representation of Angel C. Cortés and attorney Martínez Dávila appears as attorney for this defendant."

On the 7th of September, 1927, the district court rendered judgment dismissing the complaint. The judgment is based on a careful opinion in which, after acknowledging that the sale was presumptively fraudulent in accordance with the facts and the jurisprudence established in the case of *Santini Fertilizer Co.* v. *Burgos,* 34 P.R.R. 830, and after analyzing the evidence, the court held that the presumption was destroyed by the evidence and that the contract was really made according to law and not in fraud of the plaintiff creditor.

In the judgment it is stated that the defendants appeared by attorneys R. Castro Fernández and José Martínez Dávila. The same statement appears in the minutes of the clerk's office corresponding to the 8th of February, 1927, a copy of which was inserted in the record of the case on the same date. On the title page of the case O. B. Frazer, R. Castro Fernández and José Martínez Dávila figure as attorneys of record for the defendants.

The plaintiff appealed from the judgment of the 7th of September, 1927, of which he had been notified on the 8th of September, 1927, gave notice to the clerk of the court and to attorney R. Castro Fernández and filed the notice in the clerk's office on October 6, 1927.

At this stage of the case on the 13th of October, 1927, attorney Castro Fernández presented a sworn statement cap-

tioned "Explanation of Notice" which reads in part as follows:

"That on returning to his office on October 6, 1927, he found on his desk a notice of appeal in this case which he examined hurriedly and then placed in the corresponding file. That on this date he noticed that the said notice is somewhat obscure and uncertain because although the notice of appeal is addressed to the 'Clerk of the Court and to Attorney R. Castro Fernández,' the deponent's stenographer, in accepting service of the said notice and signing it in my name, did not notice that below the place where she was signing it said 'Attorneys for the Defendants.' That since the day of the trial, and as stated at the beginning of the trial, deponent and attorney O. B. Frazer ceased to be attorneys for defendant Angel C. Cortés, who some days prior had named as his only and exclusive attorney José Martínez Dávila, all of which was well known to the attorney for the plaintiff, Francisco Soto Gras. That deponent has no authority on this date and had none on any date after the trial of this case to represent or accept service on behalf of defendant Angel C. Cortés, and to explain any doubt that may arise regarding the significance of the service of the notice of appeal deponent hereby states under oath that his stenographer was not authorized, nor is he or Frazer authorized, to accept service in the name of any other person than defendant Fernando J. Cortés."

The appellant then, on October 15, 1927, gave notice of the appeal to attorney Martínez Dávila in the following form:

"The undersigned attorney, in the name and representation of attorney Francisco Soto Gras, attorney for the plaintiff in this case, having been notified on October 11, 1927, that you represent defendant Angel C. Cortés, hereby notifies you that on October 6, 1927, a notice of appeal was filed by the plaintiff, because he felt aggrieved by the judgment rendered on September 7, 1927, and of which he was notified on September 8, 1927.—San Juan, P. R., October 15, 1927.—(Sgd.) F. Soto Gras.—R. Díaz Collazo, attorney for the plaintiff.—Received copy this 15th of October, 1927.—(Sgd.) José Martínez Dávila.—Filed October 17, 1927.—Luis Vergne Ortiz, Clerk."

Based on these antecedents, defendant Angel C. Cortés, by attorney José Martínez Dávila, moved for dismissal of

the appeal. The appellant opposed that motion and this gave rise to argument between the parties on the day of the hearing.

It appears clearly from the facts that Angel C. Cortés was a defendant in the action and that he is a necessary party to the appeal. It also appears clearly from the facts that when through his attorney he was finally notified of the appeal the legal period within which to take an appeal had expired.

So the dismissal of the appeal must follow as an inevitable consequence in accordance with the law and the repeated jurisprudence of this court.

But the appellant contends that the motion to dismiss should not be granted, because defendant Angel C. Cortés was notified when the notice of appeal was served on attorney Castro Fernández, who continued to be the attorney of record for both defendants, since he was never substituted legally by the other attorney, Martínez Dávila, whose intervention was limited to the trial. The appellant calls attention to the fact that under Castro's signature when he accepted service the following words appear: "Attorneys for the Defendants." He also relies on the intervention of Díaz Collazo as attorney for the plaintiff at the time of the appeal in the absence of Soto Gras, the attorney who appeared at the trial of the case, and on the fact that the substitution of Martínez for Castro as attorney for Angel C. Cortés does not appear from the record of the case. And finally, citing the case of *Moyle* v. *Landers,* 78 Cal. 99, the appellant contends that the conduct observed by the attorney for the defendants in makig use of his own deficiencies for attempting to destroy the right of the plaintiff requires that his motion be overruled.

In the first place we will say that considering the explanation of attorney Castro in his "Explanation of Notice," the words typewritten by the plaintiff himself when he drafted

the notice of appeal are of no decisive importance if we reach the conclusion that there was a substitution of attorneys at the trial. The gist of the question is whether, as a matter of fact, from the date of the trial a new attorney, Martínez Dávila, represented or did not represent defendant Angel C. Cortés and whether attorney Castro ceased to represent him.

In order to show that the substitution was not made in form and that Martínez can not be considered as the attorney of record the appellant cites Rules 25 and 26 governing the procedure in the district courts of the Territory which read as follows:

"Rule 25.—The attorney first taking charge of the case shall be considered as the one in charge of it and when present shall direct all proceedings, unless change be made by the interested party and the said change appear from the record.

"Rule 26.—An attorney of record is one who has appeared in the case and it will be deemed that he has appeared when his name is signed to the pleadings or to any stipulation of the parties filed in the case; and said attorney will be deemed entitled to continue as such until the end of the litigation, unless something to the contrary appears from the record."

Recently in interpreting Rule 26 on the 28th of July, 1928, in the case of *Carreras* v. *Pérez,* this court said:

"The rule of the court quoted is not opposed to the admission of an attorney as of record in cases other than those specified therein."

This case now under consideration is stronger than the *Carreras Case, supra,* and it can well be held that all the requirements of the rules were implicitly complied with.

Both defendants appeared at first by the same firm of lawyers, but from the beginning they also filed separate answers and when the trial came on each of them entrusted his representation to a separate lawyer. The change did not escape the notice of the plaintiff. By his attorney he objected to the manner in which the substitution was asked for and then occurred what has been stated.

The fact of the substitution was not only fixed in the minds of the lawyers and in the stenographic notes, but also in the clerk's minutes, a copy of which, in accordance with the law, was attached to the record, and on the title page of the record, special mention being made of the new lawyer in the judgment itself which was docketed and from which the appeal was taken.

It would have been better if a written motion had been made, but the fact that the substitution took place in such an ostensible and clear way and the fact that there was so much evidence of it in the record that lack of notice of the same can not now be invoked, although the absence of the lawyer who represented the plaintiff at the trial is a favorable circumstance.

In the case of *Moyle* v. *Landers,* 78 Cal. 99, the last case cited by the appellant, an attorney signed in the name of his client who was dead and when the heirs moved for dismissal of the appeal the court, holding that the attorney who had been notified had knowledge of the death and did not so advise the opposing party so that the said opposing party could have made a correct notification, denied the motion to dismiss. The court said:

"Sieberst was the attorney for Landers. After the appointment of his personal representatives he continued to act as their attorney. As shown by the affidavit, he knew, while acting as the attorney for the latter, that they had, by the order of this court, been substituted as respondents in place of Landers, and being present in court, made no objection and remained silent until it was too late for appellants to serve and file a new notice. Having then become the attorney for the personal representatives, he had authority to bind them. Not only so, but it is directly charged, and not denied, that his silence was for the fraudulent purpose of defeating appellants' appeal, and that the administratrix was a party to such fraud.

"To allow this motion to prevail under such circumstances would be a travesty on justice, and bring the administration of the law into just reproach.

"We are met with the claim, on the part of the respondents, that

this is a purely jurisdictional question, that this court can only obtain jurisdiction in the way provided by law, and that it can not be conferred by the consent or voluntary submission of the parties, and in support of this contention they cite *Bonds* v. *Hickman,* 29 Cal. 462; *Judson* v. *Love,* 35 Cal. 466; *Shartzer* v. *Love,* 40 Cal. 96; *Reed* v. *Allison,* 61 Cal. 465.

"As we have already said, the rule stated in these cases must be conceeded to be the true one, but in our judgment they do not meet the case presented here.

"There was no question of fraud in either of the cases cited. The appellant simply failed to take the necessary steps to perfect the appeal, and in one of the cases there was a stipulation that the notice had been given, but this was contradicted by the certificate of the clerk and affidavit. We think it may very properly be questioned whether an express stipulation of the parties, waiving the steps necessary to perfect an appeal, or that such steps have been taken, made in good faith, should not be binding upon them and confer jurisdiction. (Hayne on New Trial, sec. 210, p. 642, and cases cited.)

"But this is not the question before us. The question here is, whether parties who have fraudulently prevented the service of the notice, by the concealment of material facts, and by a failure to enter their objection to the jurisdiction of the court at the proper time, and for the fraudulent purpose of preventing the proper service of the same have delayed making their objection until it was too late to remedy the defect, should not now be estopped to attack the notice given or to question the jurisdiction of the court.

"We are of the opinion that the respondents should not now be heard to question the jurisdiction of this court for the want of the service of a proper notice of appeal under the circumstances of this case."

As may be seen, the facts and the circumstances are different. Here the plaintiff knew all that occurred. Perhaps attorney Castro had an opportunity to give to the adverse party in time the explanation of notice which he later gave to the court, but while his sworn statement is not destroyed we should believe that the first opportunity which he had for making the explanation was after the expiration of the time allowed the appellant for giving notice of his appeal, and as the appellant knew the facts and could not rely on what the

opposing party might do, but only on his own diligence, he must abide by the natural consequences of his own acts.

For the reasons stated the motion made by appellee Angel C. Cortés is sustained and the appeal is dismissed.