[No. 11906.  In Bank.—January 11, 1889.]

## JAMES W. MOYLE ET AL., APPELLANTS, v. MICHAEL LANDERS ET AL., RESPONDENTS.

DEATH OF PARTY—AUTHORITY OF ATTORNEY—NOTICE OF APPEAL—DISMISSAL.—The authority of an attorney ceases with the death of the party represented, and his acknowledgment of service of a notice of appeal cannot bind the representatives of the deceased subsequently appointed; and if such representatives are substituted in the supreme court, the appeal will be dismissed as to them, if nothing further appears to estop them from moving to dismiss.

ID.—FRAUD—ESTOPPEL.—If it appears by affidavits that the death of a party respondent was unknown to appellant when service of the notice of appeal was acknowledged by his attorney, and that the representatives of the deceased retained the same attorney and conspired with him fraudulently to keep back the knowledge of the time of such death until the time had passed within which another appeal might be taken, and that the attorney, being present in court when the representatives were substituted, fraudulently remained silent without objection to the substitution, for the purpose of defeating the appeal, the representative will be estopped to attack the notice given or to question the jurisdiction of the court.

APPEAL—STIPULATION WAIVING JURISDICTIONAL STEP.—Whether an express stipulation of the parties waiving the steps necessary to perfect an appeal, or that such steps have been taken, made in good faith, should not be binding upon them, and confer jurisdiction, quære.

UNDERTAKING ON APPEAL.—If the appellate court has jurisdiction of the case, an appeal will not be dismissed because the undertaking was insufficient, if a new undertaking is filed in the appellate court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

Motion to dismiss appeal.   The facts are stated in the opinion of the court.

*L. E. Bulkeley*, for Appellants.

*D. L. Smoot*, and *H. G. Sieberst*, for Respondents.

WORKS, J.—This is an action to recover a money judgment and to declare a trust in certain real estate.  There was judgment on demurrer for the defendants in the

court below, and the plaintiffs appeal. The defendant Michael Landers died after judgment.

One Sieberst appeared as attorney for all the defendants during the proceedings in the court below. The death of Landers occurred October 20, 1886. The notice of appeal was served on said Sieberst on the 21st of the same month. Sieberst, without disclosing the fact of Landers's death, if he knew it, acknowledged service of the notice as attorney for all of the defendants. In this court there was a suggestion of the death of the defendant Landers by the appellants, and upon their motion the respondents, Amy Landers, wife of said Michael Landers, and William J. Landers, his brother, who had been appointed administratrix and administrator of said estate, were substituted as parties in his stead. The said personal representatives now move the court to dismiss the appeal herein as to them, on two grounds: 1. On the ground that the service of the notice of appeal on Sieberst was no service as to the defendant, who was then dead; 2. That the appeal bond is insufficient.

1. It must be conceded that the question is one of jurisdiction, and that, independent of any acts or conduct on the part of said respondents estopping them to question the jurisdiction of the court, it must be shown that notice of appeal was served as provided by law. The authority of Sieberst as attorney for Landers ceased with the death of the latter, and service of the notice upon him and his acknowledgment of such service could not bind the personal representatives subsequently appointed. (*Judson* v. *Love*, 35 Cal. 463.) And if this were the only question presented, the appeal should be dismissed. (*Shartzer* v. *Love*, 40 Cal. 93; Hayne on New Trial, sec. 210, p. 631.)

There was no service of notice of any kind upon the personal representatives, or either of them, before or after the order of substitution of them as respondents, which order was made and entered September 26, 1887.

The appellants meet the motion by an affidavit of the appellant Moyle, which alleges the service of the notice of appeal on Sieberst, who indorsed thereon: —

"Service and receipt of a copy of the within notice of appeal, after filing, is hereby admitted, this twenty-first day of October, 1886.          "H. G. SIEBERST,
              "Attorney for Defendants, Respondents."

And alleges further, that W. J. Landers and Amy Landers were respectively duly appointed and qualified as administrator and administratrix of the estate of Michael Landers; that soon thereafter, and on or about the 27th of November, 1886, at the request of W. J. Landers, administrator, he, deponent, went to his office, and he then stated that his object in wishing me to call was to talk about a settlement of this suit, so far as the administrator and administratix were concerned. After considerable conversation, he fixed another time, a few days later, saying that he wished to talk further with H. G. Sieberst and D. L. Smoot, the attorneys; at the second time, he said that it had been decided to make a settlement with us, but it could not be consummated until after ten months had expired, so that no other parties could come in and make a claim on similar grounds, and requested me to keep quiet and give myself no further trouble about the appeal. He also stated that as administrator and administratrix they had retained H. G. Sieberst as their attorney and counsel, to appear for them, to attend to this suit in the supreme court, and for no other purpose, and had paid him his fee, which was one thousand dollars; that D. L. Smoot had also been retained by them in other matters connected with the estate, and that he advised with the said Smoot in this and in all matters pertaining to the estate.

"Deponent further says that said W. J. Landers asked deponent for a copy of the transcript on appeal herein, which deponent gave to him. That on the 3d of June, 1887, and within seven months after the first publication

of notice to creditors of the estate of Michael Landers, I served upon said W. J. Landers, administrator, a duly verified creditor's claim against said estate, which con-tained, in substance, the complaint in this action, and enumerated all the several sums of money therein al-leged to have been fraudulently obtained from plaintiffs by said Landers in his lifetime, and the total amount and interest claimed against the estate by reason thereof, and the parcels of real estate which had been purchased in said Landers's name with the funds thus fraudulently obtained, and a statement that this suit, therefor, was still pending and undetermined; that at this time I asked said Landers, administrator, for an admission of service of said paper, but he said he desired to submit it to D. L. Smoot, their attorney, for his instructions; that several times after this I called on him for said admission of service, and he each time told me that said Smoot had not returned it to him.

"Finally, on September 14, 1887, and before the ex-piration of the ten months after first publication of no-tice to creditors of said estate, I delivered to him another exact copy of said creditors' claim, duly verified, speci-fying the amount claimed in the pending suit then on appeal in the supreme court, and on that date I obtained his written admission of service, in the following words and figures, to wit:—

"I acknowledge the presentation of the within claim to me as administrator of the estate of Michael Landers, deceased, this fourteenth day of September, 1887, at San Francisco, California.

"William J. Landers, Administrator.

"Deponent further says that on July 16, 1887, and be-fore the expiration of the ten months allowed by law for the presentation of claims against the estate of Michael Landers, he delivered to Mrs. Amy Landers, administratrix, personally, at her residence, 812 Shot-well Street, in the city of San Francisco, and left with

her, an exact copy of the said creditors' claim, and referred to the suit then and now pending on appeal in the supreme court above specified.

"Deponent further says that H. G. Sieberst, at the time of Michael Landers's death, and for a long time prior thereto, had been his intimate friend, had his office on the same floor with him, and was in the habit of meeting him daily at his office or at his dwelling, and if said Michael Landers died on the 20th day of October, 1886, of which this deponent then had no intimation, and has now no personal knowledge, said Sieberst knew of his death when he signed the admission of service of notice of appeal for him and his co-defendants, and purposely concealed the fact from deponent. And deponent never did for a moment suspect that said Michael Landers was dead at the time he received said admission of service from Sieberst, nor that it was so claimed until he saw it in Sieberst's affidavit on which he based his first motion to dismiss the appeal, in December, 1887.

"And deponent is informed and believes, and upon such information and belief states the fact to be, that said D. L. Smoot knew as early as June, 1887, of the deceit practiced by said H. G. Sieberst, in giving admission of service of notice of appeal, and that said Smoot counseled and advised with the said administrator and administratrix upon the subject, and it was agreed between them to remain quiet and give no intimation to plaintiffs, appellants, of the time when said Michael Landers died, until after the time had expired in which further notice of appeal could be made on them; that all of them aided and assisted and conspired with said Sieberst to carry out the deception and fraud thus initiated by said Sieberst, and that the said Smoot and W. J. Landers, administrator, and Amy Landers, administratrix, have been in collusion at all times on the subject.

"That on the ninth day of December, 1887, when the former motion was made by H. G. Sieberst to dismiss

the appeal, W. J. Landers, administrator, was in the court-room and heard the statement in an affidavit of appellants' counsel that he and Amy Landers had been substituted as respondents in this appeal by order made September 26, 1887, and that no objection had been made thereto, and in fact no one ever did make any objection to said substitution, although the said administrator and administratrix knew of it on the 28th of September, 1887.

" Affiant further states that he has examined the records of the probate court, and the value of the estate of Michael Landers, deceased, is appraised at $120,330.08, of which $104,880 is in real estate, nearly all of which is claimed by the complaint herein as property purchased with funds embezzled from the plaintiff; and said Amy Landers, administratrix, is the heir to one half of said estate, and she is now in the possession and enjoyment of the same as administratrix, no distribution having been made of the property of said estate.

"Deponent further says that subsequent to the substitution of the administrator and administratrix as respondents herein, and in pursuance of the provisions of section 954 of the Code of Civil Procedure, the appellants caused to be executed a new undertaking on appeal herein, which was approved by the chief justice of this court, and filed with the clerk on the twenty-fourth day of October, 1888."

Counsel for appellants also makes affidavit that he left this state for the East September 29, 1886, and did not return until January 14, 1887; that before leaving, he prepared the necessary notice of appeal; that within a few days after his return he examined the transcript, and saw Sieberst's acknowledgment of service of the notice as attorney for all the defendants; that he learned of Landers's death soon after his return, but did not then know, nor did he at any time learn or receive any information, that he was dead at the time the notice was

served, until December 5, 1887, when he was so informed by the affidavit of Sieberst in this case; that the order of substitution was made as above stated, and notice of such proceeding was published in the newspapers of the city where said parties resided, and that no objection has ever been made to such substitution.

Mr. Smoot, one of the attorneys mentioned in appellants' affidavit, files his sworn denial of the statements contained therein so far as they apply to him, and also denies all knowledge of any attempt or intent to deceive the appellants or their attorney in the matter of the service of said notice of appeal. All that can be said, therefore, so far as Mr. Smoot is concerned, is, that he may be attempting to profit by the wrong of another.

The respondent W. J. Landers files his affidavit, substantially denying the charges made in appellants' affidavit, so far as they refer to himself, and alleges generally that he has done nothing to prevent the appellants from ascertaining the death of Landers when the alleged service of notice occurred.

So far as the appellants' affidavit charges fraudulent conduct and intent as to Sieberst and Amy Landers, it remains wholly unanswered. We must, therefore, treat them as so far confessed.

These are grave charges, involving the professional honor and integrity of an attorney, and if untrue would undoubtedly be met by a denial.

Sieberst was the attorney for Landers. After the appointment of his personal representatives he continued to act as their attorney. As shown by the affidavit, he knew, while acting as the attorney for the latter, that they had, by the order of this court, been substituted as respondents in place of Landers, and being present in court, made no objection and remained silent until it was too late for appellants to serve and file a new notice. Having then become the attorney for the personal representatives, he had authority to bind them. Not only

so, but it is directly charged, and not denied, that his silence was for the fraudulent purpose of defeating appellants' appeal, and that the administratrix was a party to such fraud.

To allow this motion to prevail under such circumstances would be a travesty on justice, and bring the administration of the law into just reproach.

We are met with the claim, on the part of the respondents, that this is a purely jurisdictional question, that this court can only obtain jurisdiction in the way provided by law, and that it cannot be conferred by the consent or voluntary submission of the parties, and in support of this contention they cite *Bonds* v. *Hickman*, 29 Cal. 462; *Judson* v. *Love*, 35 Cal. 466; *Shartzer* v. *Love*, 40 Cal. 96; *Reed* v. *Allison*, 61 Cal. 465.

As we have already said, the rule stated in these cases must be conceded to be the true one, but in our judgment they do not meet the case presented here.

There was no question of fraud in either of the cases cited. The appellant simply failed to take the necessary steps to perfect the appeal, and in one of the cases there was a stipulation that the *notice had been given*, but this was contradicted by the certificate of the clerk and affidavit. We think it may very properly be questioned whether an express stipulation of the parties, waiving the steps necessary to perfect an appeal, or that such steps have been taken, made in good faith, should not be binding upon them and confer jurisdiction. (Hayne on New Trial, sec. 210, p. 642, and cases cited.)

But this is not the question before us. The question here is, whether parties who have fraudulently prevented the service of the notice, by the concealment of material facts, and by a failure to enter their objection to the jurisdiction of the court at the proper time, and for the fraudulent purpose of preventing the proper service of the same have delayed making their objection until it was too late to remedy the defect, should not now be

estopped to attack the notice given or to question the jurisdiction of the court.

We are of the opinion that the respondents should not now be heard to question the jurisdiction of this court for the want of the service of a proper notice of appeal under the circumstances of this case.

2. The respondents contend further that the appeal should be dismissed because the undertaking on appeal, was insufficient. The appellants meet this by showing that a new undertaking has been filed in this court. This latter undertaking is also attacked on various grounds, based, however, upon the theory that this court had not obtained jurisdiction of the case.

It might be conceded that if no notice of appeal had been given, the undertaking would be ineffectual for any purpose, but as we have ruled against the respondents upon the point which forms the basis of their objections to the undertaking, the latter must be held to be without foundation.

Motion denied.

McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.

PATERSON, J., concurred in the order.