[Crim. No. 117. Fourth Appellate District.—March 14, 1931.]

THE PEOPLE, Respondent, v. P. MARTINO, Appellant.

Frank H. Marvin for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

LAMBERSON, J., *pro tem.*—The defendant pleaded guilty to the offense of grand theft in the Superior Court of Fresno County and judgment was pronounced on January 2, 1931. No oral notice of appeal was given by the defendant at that time, but written notice of appeal was served and filed on January 5, 1931, under the provisions of section 1239 of the Penal Code, which provides as follows:

"An appeal from a judgment may be taken by the defendant by announcing personally or through his attorney in open court at the time the judgment is rendered that he appeals from same or by filing a written notice of appeal within two days after the rendition of judgment with the clerk of the court wherein judgment was rendered, and from any order made after judgment, by announcing in open court at the time the same is made that he appeals from the same."

█ A motion to dismiss the appeal has been made by respondent upon the ground that the defendant did not file with the clerk of the court, within two days after rendition of judgment, his written notice of appeal. It appears that January 4, 1931, the second day after judgment was pronounced, fell on Sunday, and it is contended by the appellant that he had until January 5, 1931, within which to serve and file his written notice of appeal. It has been aptly pointed out by appellant that a situation might arise where the entire period of two days for the giving of notice under section 1239 of the Penal Code would be covered by holidays, in which event there would be no judicial day upon which the appellant could file his written notice of appeal.

Respondent lays stress upon the use of the word "within" in section 1239 and cites the language of the court in the case of *People* v. *Riga,* 104 Cal. App. 477 [285 Pac. 1069], in which there was some discussion of the interpretation of section 660 of the Code of Civil Procedure relating to the time within which the trial court must pass upon a motion for a new trial in a civil case. The question now before this court upon this motion was not involved in the decision of that case. We have heretofore had occasion to consider, in the case of *People* v. *Malone,* (Cal. App.) █ [297 Pac. 964], in which an opinion has been filed on this date, a similar question arising from the application of section 7 of rule II of the Rules of the Judicial Council to a case where the last day of the five-day period provided by said rule for the presentation of an application by the appellant to the trial court stating in general terms the grounds

of the appeal, and the points upon which the appellant relies, and designating what portions of the phonographic reporter's notes it will be necessary to have transcribed, fell on a Sunday. We are of the opinion that the reasoning of the last cited case applies to the interpretation of section 1239 of the Penal Code, and upon the authority of that case it is our conclusion that the appellant in the case before the court had all of the day succeeding January 4, 1931, within which to file his written notice of appeal.

It is ordered that the motion for dismissal of the appeal be denied.

Barnard, P. J., and Jennings, J., concurred.