[Civ. No. 10238. Second Appellate District, Division Two.—March 27, 1935.]

RALPH FREY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Ralph Frey, *in pro. per.*, for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

FRICKE, J., *pro tem.*—Petition for writ of mandate to compel the trial court to reinstate and hear petitioner's motion to set aside the judgment and in the event of a denial of such motion to allow petitioner to file a notice of appeal. Respondents have demurred to the petition.

Petitioner was charged by information with the crime of burglary and with having suffered a prior conviction of a felony and having served a term of imprisonment therefor.

Petitioner's contention, that the failure to allege that the entry was made "feloniously" renders the information fatally defective, is without merit.

Likewise the contention that the verdict is void, because it fails to include the circumstances which constitute a burglary of the first degree, is untenable. (*People* v. *O'Neal*, 2 Cal. App. (2d) 551 [38 Pac. (2d) 430].)

Neither is there merit in the claim that the judgment is defective because it fails to set forth the factor or factors which made the case one of first degree burglary. (*People* v. *Rhodes*, 137 Cal. App. 385 [30 Pac. (2d) 1026].)

On November 9, 1933, the trial court denied petitioner's motion to set aside the judgment, the grounds relied upon being those presented above. It appears that at the time of sending to the trial court the motion to set aside the judgment, petitioner, in anticipation of a denial, attached to his motion a notice of appeal. It appears, however, that the notice of appeal was not filed and that no notice of appeal whatever was given after the denial of the motion and no appeal was perfected. The case at bar is clearly distinguishable from that of *People* v. *Ramirez*, 137 Cal. App. 472 [30 Pac. (2d) 577], in which the notice of appeal similarly accompanied a motion to set aside the judgment

but which notice was filed and a transcription of the record ordered by the court.

The case before us is one of a large number in which prisoners in the state prisons have sent to the clerks of the courts motions to set aside the judgments in their cases and have sent along with such written motions a notice of appeal from the order denying the motion, with the request to the clerks that if the motion be denied the clerk should file for them the notice of appeal. The filing of a notice of appeal, if the physical receipt by the clerk could be conceived to be a filing, prior to a ruling on the motion, is obviously of no effect. Clerks of court are under no official duty, nor are they subject to the orders or directions from convicts in the state prison, to act as the attorneys for such prisoners. A convicted defendant serving a term of imprisonment in the state prison has no greater or additional rights because he is acting as his own attorney than if he were represented by a member of the bar. ''The requirements as to the time of filing notices of appeal are mandatory and jurisdictional in both civil and criminal actions. . . . Where through inadvertence or mistake of a party or his attorney, notice is not filed within the time limited by law, neither the trial court nor appellate court can afford relief thereafter by permitting filing of a tardy notice.'' (*People* v. *Lewis*, 219 Cal. 410 [27 Pac. (2d) 73, 74].)

The petition herein is wholly without merit and absolutely frivolous, but the points raised have all been decided not because of any need for a restatement of well-settled rules of law but with a desire to end the flood of similar petitions with which the trial courts are being afflicted.

The alternative writ of mandate heretofore issued is dissolved and a peremptory writ is denied.

Stephens, P. J., and Crail, J., concurred.