[Crim. No. 438.  Fourth Appellate District.—August 26, 1938.]

THE PEOPLE, Respondent, v. ADOLPH HENRY ENGLE-HARDT, Appellant.

Morris Lavine and Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, James B. Abbey, District Attorney, Frank T. Dunn, Assistant District Attorney, and William P. Mahedy, Deputy District Attorney, for Respondent.

BARNARD, P. J.—The respondent has moved to dismiss this appeal upon the ground that written notice of appeal was not filed with the clerk of the court within two days after the rendition of the judgment, as required by section 1239 of the Penal Code.

It appears from the certificate of the clerk of the trial court that the defendant was, on June 7, 1938, found guilty of the crime of bigamy by the verdict of a jury; that no motion for a new trial was made; that time for the pronouncing of judgment was set for June 11, 1938; that an application for probation was made and the hearing thereon set for July 7, 1938; that at that time, the defendant being represented by an attorney, his application for probation was denied and judgment pronounced; that no oral notice of appeal was announced in open court; and that notices of appeal were filed on July 11, 1938, and July 12, 1938, respectively, copies of these notices being attached to the certificate.

It appears that July 9, 1938, the second day after judgment was pronounced, fell on Saturday. On the hearing of this motion the affidavit of one of the attorneys for the defendant was filed in this court, from which it appears that a notice of appeal, signed by the defendant, was left at the home of the clerk of the trial court at 9:40 P. M. on Saturday, July 9, 1938. It is contended that the notice of appeal filed on July 11th, was filed within the time allowed and also that the leaving of such a notice at the home of the clerk on Saturday night constituted a substantial compliance with the statute and was, therefore, effective to give this court jurisdiction of the appeal.

The first question presented is whether the notice of appeal filed on Monday, July 11, 1938, is effective. The statute requires such a written notice to be "filed within two

days after the rendition of judgment''. This provision has been held to be mandatory and jurisdictional. (*People* v. *Lewis,* 219 Cal. 410 [27 Pac. (2d) 73].) In that case the court said:

"The time for filing notice of appeal cannot be extended by stipulation or other action of the parties to the proceeding, or by order of the court. (See cases cited, *supra.*) The execution and filing of notice of appeal is done by a party or his attorney, and is not an act of the court. Where through inadvertence or mistake of a party or his attorney notice is not filed within the time limited by law, neither the trial court nor appellate court can afford relief thereafter by permitting filing of a tardy notice.''

The ordinary rule for computing the time within which a required act must be performed is to exclude the first day and include the last day, unless the last day falls upon a holiday, in which case the last day is also excluded. (Sec. 12, Pol. Code; *Payne* v. *Hunt,* 214 Cal. 605 [7 Pac. (2d) 302].) That rule has been applied in connection with appeals in criminal cases where the last day fell upon a Sunday. (*People* v. *Malone,* 213 Cal. 406 [2 Pac. (2d) 332]; *People* v. *Martino,* 112 Cal. App. 548 [297 Pac. 965].) We are now confronted with the question whether, when the last day falls upon Saturday, that day should also be excluded. Section 13 of the Political Code provides that whenever any act is to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day. Section 10 of that code provides that every Saturday from 12 o'clock noon until 12 o'clock midnight is a holiday as regards the transaction of business in public offices of this state. In commenting upon statutory provisions essentially like the provisions of sections 10 and 12 of the Political Code, to which we have referred, the court in *Lancel* v. *Postlethwaite,* 172 Cal. 326 [156 Pac. 486], said:

"The provision is that the 'last day' must be included in the computation, unless such '*last day* is a holiday'. This means under any fair construction, the *whole* of the day. Only a *portion* of the day was even the limited kind of a holiday prescribed for Saturdays by section 10 of the Code of Civil Procedure, viz.: that portion 'from twelve o'clock

noon until twelve o'clock midnight', and the superior court was certainly open for the transaction of any and all business for at least a portion of the day. (Const., art. VI, sec. 5.) A day is defined by our law as being 'the period of time between any midnight and the midnight following' (sec. 3259, Pol. Code), and no rule of construction of which we are aware would warrant us in reading section 12 as excluding the last day, unless it was a holiday during the whole period of its existence.''

In *Starr* v. *Superior Court*, 23 Cal. App. 670 [139 Pac. 241], where the court had held that an undertaking on appeal, the last day for filing which fell on Saturday, might be filed on Monday, the court said:

''If the ruling is correct, it must follow that where the last day for the performance of an act, such as the filing of a demurrer, answer, or service of a paper, falls upon Saturday, such act need not be done on Saturday, but may be as effectually performed on the following Monday, the effect of which ruling is to declare all of Saturday a holiday. Clearly, this was not the intent of the legislature. The effect of the statute declaring Saturday from 12 o'clock noon to be a half holiday is to shorten in number the hours of such day during which the act required to be performed shall be done. Up to noon it is a business day, the same as any day other than those designated in section 10 of the Code of Civil Procedure, as holidays, and the fact that the business day ends at noon does not extend the time for performance of an act where the time therefor expires on such shorter day. The statute is peremptory in its terms and provides that upon a failure of the sureties to justify within the time fixed therefor, the appeal shall be regarded as though no undertaking had been given. (Citing cases.) It follows that the court had no jurisdiction to entertain the appeal, and it should have been dismissed.''

To adopt the defendant's suggestion that the notice of appeal filed herein on Monday, July 11, 1938, was within the time permitted by section 1239 of the Penal Code would require us to read into that statute a provision that notice of appeal must be filed within two days after judgment unless the second day falls upon Saturday, in which event the notice may be filed upon the following Monday. This we cannot

do. Under the statutes and authorities above referred to, the written notice of appeal filed on July 11, 1938, was not filed within the required time and we so hold.

■ The remaining question is whether a written notice of appeal was filed with the clerk of the court on Saturday, July 9, 1938, in such a manner as to constitute a substantial compliance with section 1239 of the Penal Code. The defendant relies upon that part of section 10 of the Political Code which, after providing that every Saturday from noon to midnight is a holiday, reads: ''This shall not be construed to prevent or invalidate the issuance, filing, service, execution or recording of any legal process or written instrument whatever on such Saturday afternoon.'' This seems to relate to the preceding portion of that paragraph of the section, which in turn refers to the transaction of business in public offices. Assuming, but by no means holding, that this permits the filing of a notice of appeal by handing the same to the clerk outside of his office after noon on Saturday, and that such act is a filing of the notice with the clerk within the meaning of section 1239 of the Penal Code, there is no showing that such an act was here performed.

The only thing we have before us is the affidavit of one of the attorneys for the defendant. She therein alleges that on July 9, 1938, she was called to the county jail to interview the defendant, that the defendant told her that he had been informed by another attorney that he had five days within which to give notice of appeal, that she realized that he had but two days in which to do this, and that at about 9 o'clock P. M. of that day she ''located the Chief Clerk of the Criminal Department of the Superior Court of San Diego County, one Mr. J. B. McLees, at his home in Mission Beach, San Diego County''. She then alleges:

''That affiant, at that time, had in her possession a Notice of Appeal which was signed by A. H. Englehardt, defendant, *in pro. persona,* and served upon the household of one Mr. McLees at the hour of 9:40 p. m., which is shown by the writing on the said Notice of Appeal, in pencil written in the handwriting of one Mrs. McLees, wife of the said Chief Clerk. That at said time and place Mrs. McLees informed affiant that Mr. McLees had stepped away from his home for a few moments, but would return shortly.

"That affiant left for filing with Mrs. McLees, on the return of her husband, Mr. McLees, the said Chief Clerk of the Criminal Department of the Superior Court of San Diego County, the said Notice. That it was affiant's intention that the said Notice of Appeal be filed when the said Clerk returned to his said home. Therefore, the Notice of Appeal was left with Mrs. McLees after the date and hour was written on the said Notice of Appeal."

It does not appear from anything before us that there was not ample time to file notice of appeal before noon on that day, nothing being said as to the time of day when the affiant interviewed the defendant in jail. It does appear, however, that the affiant appeared at the home of the clerk about 9:40 P. M. of that day and on being told that the clerk would return in a few minutes, elected not to wait for him but left a notice of appeal with the clerk's wife, it being affiant's intention that the notice "be filed when the said clerk returned to his said home". There is nothing before us to show that the clerk returned to his home before midnight of that day, or that the notice of appeal was ever given to him, and nothing to show that the notice thus left at his home was ever filed. Regardless of whether or not the handing of a notice of appeal to a clerk of the court after business hours on Saturday, and outside of his office, constitutes a filing of such notice on that day, within the meaning of the statute, it cannot be held that the leaving of such a notice with a relative of the clerk in the hope that it will be delivered to the clerk before midnight of that day is, in the absence of any other showing, a compliance with the statute. To so hold would be to render the plain and definite provisions of the statute practically meaningless. In our opinion, no notice was filed within the required time.

The motion is granted and the appeal is dismissed.

Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 8, 1938.