[Civ. No. 12586. Second Appellate District, Division One.—July 8, 1940.]

GEORGE ESTES, Executor, etc., Respondent, v. JOHN J. CHIMES et al., Appellants.

C. S. Mauk for Appellants.

Frank C. Shoemaker for Respondent.

THE COURT.—Motion to dismiss an appeal. This action was brought by plaintiffs to quiet title to certain lands in Ventura County. The certificate of the county clerk of said county reveals that in such action judgment was filed, entered and docketed August 2, 1939, and that a notice of appeal from said judgment was filed in the office of such county clerk on October 10, 1939.

The provisions of section 939 of the Code of Civil Procedure require that an appeal, to be timely, must be taken within sixty days after entry of the judgment or order which it is sought to have reviewed. In *Lawson* v. *Guild,* 215 Cal. 378, at page 380 [10 Pac. (2d) 459], the Supreme Court uses this decisive language: ''The statute limiting the time in which an appeal may be taken is jurisdictional and mandatory. If the appeal is not taken within the time allowed by law, an appellate court has no power to entertain it.'' (Citing *Bley* v. *Board of Dental Examiners,* 101 Cal. App. 666, 668 [282 Pac. 19].) In *Lawson* v. *Guild, supra,* it was also settled that service of notice of entry of judgment is not necessary to start the time running within which an appeal may be taken, citing *Schainman* v. *Kierce,* 199 Cal. 249, 251 [248 Pac. 905].

Section 940 of the Code of Civil Procedure declares that an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same or some specific part thereof. In opposition to the motion to dismiss this appeal appellants have filed affidavits that the notice of appeal was deposited in the United States mails on October 2, 1939, and contend that under the provisions of section 1013 of the Code of Civil Procedure the filing was complete upon such mailing. The section last cited has no application to the lodgment of notices of appeal with the county clerk. It has only to do with the service of process and other papers upon opposing counsel and parties litigant.

The taking of an appeal within the time allowed by law being mandatory and jurisdictional, we are without power to relieve a party against default therein under the provisions of section 473 of the Code of Civil Procedure.

It follows of necessity that the appeal from the judgment herein must be dismissed, and it is so ordered.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 4, 1940.