[Crim. No. 4783. In Bank. June 24, 1947.]

THE PEOPLE, Respondent, v. JOHN SLOBODION, Appellant.

William H. Quinn, for Appellant, under appointment by the Supreme Court.

Robert W. Kenny, Fred N. Howser, Attorneys General, Clarence A. Linn, Assistant Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SPENCE, J.—Respondent's motion to dismiss the appeal herein is before this court upon hearing granted after decision by the District Court of Appeal, First Appellate District, Division One. The motion is made upon the ground that the notice of appeal was filed too late. Appellant counters with the claim that the particular circumstances shown by the record in this case are such as to preclude dismissal of his appeal. We are of the opinion that appellant's position is well taken.

The following chronology is admittedly correct:

June 11, 1946—appellant was found guilty of two felonies.

June 13, 1946—judgments upon the verdicts were pronounced.

June 15, 1946—appellant was received at San Quentin Penitentiary.

June 28, 1946—clerk of the superior court received through the mails and filed appellant's notice of appeal from the judgments. The notice was postmarked San Quentin, June 27, 1946, and the prison records disclose that the document was in fact mailed that day.

Rule 31 of the Rules on Appeal (22 Cal.2d 1, 22) provides that "an appeal [in a criminal case] may be taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment." Here the clerk received appellant's notice of appeal on June 28, 1946, rather than on June 23, 1946—"fifteen days" rather than "ten days" after the rendition of the judgments. Respondent cites these dates as determinative of the tardiness of appellant's appeal and so requiring its dismissal.

In opposition to respondent's motion to dismiss in the District Court of Appeal, appellant—appearing there in propria persona—filed an affidavit reciting that he had in fact deposited the notice of appeal in the mail box at San Quentin as early as June 17, 1946, and that the failure to have the notice placed in the United States mail until June 27, 1946, was the fault of the prison employees. Counteraffidavits were filed by two prison employees in contradiction of certain

averments made by appellant. By reason of such conflict, the District Court of Appeal appointed Honorable Andrew R. Schottky, Judge of the Superior Court of the County of Mariposa, referee to ascertain the true facts. Thereupon Judge Schottky held a hearing at San Quentin, at which appellant, the two employees in question, and a deputy attorney general were present.

At the hearing appellant testified that on June 17, 1946, he dropped the letter containing his notice of appeal in the prison mail box; that on the night of June 20, 1946, it was returned to him by the mailman without explanation; that on the next morning, June 21, 1946, he went to the mailing department and talked with William F. Kehoe, the sergeant in charge of the mail; that Mr. Kehoe, in appellant's presence, interrogated several persons in an effort to determine why the letter had been returned; that no one seemed to know; that appellant told Mr. Kehoe of the nature of the document and the importance of having it mailed at once; that Mr. Kehoe took the letter and promised to "take care of it"; that appellant did not know of the subsequent mailing delay until the reporter refused to prepare the transcript on appeal. Not one word of appellant's testimony was contradicted by the two employees involved. Mr. Kehoe testified that he had no recollection of talking with appellant about the notice of appeal, but added that he was always so busy in the mailing department that he could not remember the various conversations with the inmates there; that while he did not recall the conversation with appellant, it may have occurred and he "wouldn't say it did not take place"; that all legal documents had to be cleared with the warden before they could be mailed; that the records of the prison do not show when documents are received from the inmates, but only show when they are in fact mailed after clearing with the prison officials; that on June 23, 1946, he went on his vacation; and that he could not explain why the document was retained and not mailed sooner, but it might take "one day or a week" for clearance with the warden. John W. Short, the Assistant Parole and Classification Officer, an employee of the prison who apparently discusses legal problems with the inmates and with whom appellant stated that he talked about the matter of his appeal, also testified. He stated that his record showed that an interview with appellant had taken place on the date mentioned by appellant, but that he had no recollec-

tion at all of what was discussed other than the general subject of appellant's right of appeal; that he was probably in error in his statement as to the contents of his conversation with appellant as recited in his affidavit previously filed in the District Court of Appeal "in opposition to issuance of record" pursuant to appellant's notice of appeal; and that he would not deny that the conversation had taken place as described by appellant.

On this evidence Judge Schottky found that "in view of the clear testimony of appellant and the indecisive and unsatisfactory testimony of the other two witnesses and after having heard the testimony and observed the witnesses as they were testifying, I must find that the evidence preponderates in favor of the statement of appellant Slobodion that he did deposit his notice of appeal in the regular mail processes of San Quentin Penitentiary on June 17th, 1946, and certainly not later than June 21st, 1946. I do not believe that there was any desire or intention on the part of any of the employees at San Quentin to deprive appellant of his right of appeal but that in some manner the ordinary and usual processes of receiving and sending out mail failed to function in this particular case."

From the above review of the record of Judge Schottky's hearing, it is apparent that his finding in accord with appellant's "clear and positive testimony" is not only amply supported, but no other finding reasonably could have been made—and respondent so concedes. ▮ Accepting then such factual point of agreement, there remains this question for consideration: Should appellant—who was incarcerated by the state, who desired to appeal, who took every step he could possibly take to perfect his appeal, who delivered his notice of appeal to the prison authorities well within the statutory period with the request that they mail it but they carelessly and negligently failed to forward the notice so that it would be received by the "clerk of the superior court" within the time limitation specified by law—be deprived of his right of appeal? Both reason and justice compel a negative answer.

Respondent cites the settled rule in this state, both in civil and criminal cases, that the time requirements for the taking of an appeal are mandatory, and that the appellate courts are without jurisdiction to consider an appeal which has been taken subsequently to the expiration of the statutory period.

(*Estate of Hanley*, 23 Cal.2d 120, 122-123 [142 P.2d 423], and cases there cited; *People* v. *Lewis*, 219 Cal. 410, 413-414 [27 P.2d 73], and cases there cited.) But adherence to this rule will not deprive appellant of his appeal under the distinct factual situation involved. Here appellant, by reason of his imprisonment and desiring to appeal in propria persona, was wholly dependent on the prison employees for effecting the actual filing of his notice of appeal within the prescribed time. Without direct access himself with the "clerk of the superior court" wherein the judgments were rendered against him, appellant acted promptly in the only channel open to him in protection of his right of appeal—depositing his notice of appeal in the regular mail processes of San Quentin Penitentiary on June 17, 1946, in ample time to permit the prison employees to forward the notice in the United States mail so that it would reach the clerk by June 23, 1946, "ten days after the rendition" of the judgments against appellant—but the actual filing was made on June 28, 1946, five days late because the prison employees delayed in mailing the notice until June 27, 1946. In short, the situation presents these considerations: The state by law imposed the conditions governing the taking of an appeal; appellant incarcerated in a state institution was forced to comply with the state prison rules, which included the censoring of all communications of the inmates prior to mailing and which in the case of legal mail might require "one day or a week" before clearance was had; and the notice in question failed to reach the "clerk of the superior court" for actual filing within the prescribed time, not through any fault on the part of appellant but solely as the result of the negligence of the state's employees. In such circumstances no other conclusion is tenable but that appellant, by placing his notice in the hands of the state's employees for mailing six days prior to the final day allowed for its actual filing, met the time requirements governing his right of appeal insofar as it was possible for him to do so. Obviously, he was powerless to prevent any delay which might ensue after he delivered in prison his notice of appeal to the state employees for forwarding; any tardiness then occurring was attributable wholly to the state's employees. It would be absurd to hold in a criminal case that the state may extend the right of appeal contingent upon timely pursuit thereof and then deny such fundamental right because the state's employees were remiss in complying with the

state's law.   Such a paradoxical result would have no legal justification, and so it must be said here that when appellant timely deposited his notice of appeal with the state's employees as required by the state prison rules, such action constituted a constructive filing of the specified notice.

Respondent calls attention to the rule, prevailing  in both civil and criminal cases, that filing means actual delivery to the clerk at his place of business during office hours.   Thus, in *W. J. White Co.* v. *Winton,* 41 Cal.App. 693 [183 P. 277], it was held that ''the appeal was not seasonably taken'' where the notice was left at the clerk's office after closing hours on the last day allowed by law; and in *People* v. *Englehardt,* 28 Cal.App.2d 315 [82 P.2d 489], the same result was reached where the notice was left with the wife of the clerk at his home after office hours on the expiration date for taking the appeal.   Likewise depositing the notice in the mail is not a filing, and it has been expressly held that section 1013 of the Code of Civil Procedure, providing that in case of service by mail the service is complete at the time of deposit, has no application to a notice of appeal.   (*McDonald* v. *Lee,* 132 Cal. 252 [64 P.2d 250]; *Estes* v. *Chimes,* 40 Cal.App.2d 41 [104 P.2d 74].)   But these cases present no parallel considerations, for in each instance the failure to lodge the notice with the clerk in his office within the time limited by statute was the appellant's own fault.   Also distinguishable in principle is the case of *Williams* v. *Long,* 130 Cal. 58 [62 P. 264, 80 Am.St.Rep. 68], where the so-called ''disability'' which prevented the appellant from complying with the appeal requirements was in nowise connected with any negligence on the part of employees of the state.   While in perfecting his appeal ''a convicted defendant serving a term of imprisonment in the state prison has no greater or additional rights because he is acting as his own attorney than if he were represented by a member of the bar'' (*Frey* v. *Superior Court,* 5 Cal.App.2d 534, 536 [43 P.2d 342]), neither on the same basis will he be deemed to have fewer rights.   So it is here that the state's failure, through its employees, to function in protection of appellant's exercise of his right of appeal, will not deprive him of such right after he has timely performed, as far as the state allows, all the steps required by the state law in perfection of his appeal.   Accordingly, we hold that appellant's delivery of his notice of appeal to the state prison employees for forwarding six days prior to the expiration date for the

taking of his appeal constituted a constructive filing within the prescribed time limit and satisfied the jurisdictional requirement as contemplated by law. Any other conclusion would run counter to the case of *Cochran* v. *State of Kansas*, 316 U.S. 255 [62 S.Ct. 1068, 86 L.Ed. 1453], where the Supreme Court of the United States declared that the claim that "officials of the state penitentiary enforcing prison rules there in effect had suppressed appeal documents [an inmate] had prepared, thereby making it impossible for him to perfect an appeal" during the time provided by the Kansas statute (p. 256), presented a situation involving "a violation of the equal protection clause of the Fourteenth amendment" of the federal Constitution, in that "Kansas [would be refusing such inmate] privileges of appeal which it afforded to others" (p. 258).

The record further discloses that while this matter was pending in the District Court of Appeal, appellant filed a motion to compel the trial court reporter to prepare the reporter's transcript of his trial. Since the transfer of this matter to this court for decision, the desired reporter's transcript has been filed here. Accordingly, appellant's motion to compel such action can serve no useful purpose and it may be deemed abandoned.

The motion to dismiss the appeal is denied.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I concur in the conclusion reached in the majority opinion, but since the rule announced therein is directly contrary to two recent decisions of this court (*Estate of Hanley*, 23 Cal.2d 120 [142 P.2d 423], and *People* v. *Lewis*, 219 Cal. 410 [27 P.2d 73]), I believe, for the sake of consistency and uniformity in the law, these cases should be overruled.

This case presents the simple issue of whether a person loses his right to appeal when the notice of appeal is filed late due to no fault on his part. There is no basis whatsoever for declaring one rule for civil cases and another for criminal cases, and as I read the majority opinion it does not attempt to make any such artificial distinction, although it is said therein: "It would be absurd to hold in a *criminal case* that the state may extend the right of appeal contingent upon timely pursuit thereof and then deny such fundamental right

because the state's employees were remiss in complying with the state's law.'' (Emphasis added.) Why a criminal case is mentioned is hard to grasp. It would be equally absurd in a civil case.

This case presents one of the absurd results (denial of the right of appeal) which necessarily flows from the rule stated in *Estate of Hanley, supra,* and *People* v. *Lewis, supra.* In my dissenting opinion in *Estate of Hanley, supra,* I called attention to the absurd results which would flow from the rule there announced. That case holds (or states by way of dictum) that there are *no circumstances whatsoever which will save a person from losing his right of appeal in either a civil or criminal case where the notice is filed late.* (See, 17 So.Cal. L.Rev. 91.) The *Estate of Hanley, supra,* is a civil case and it is there said (p. 122): ''In examining the appellant's position, it *is immaterial* whether the misrepresentations concerning the date upon which the order was filed *were wilful or inadvertent, whether the reliance thereon was reasonable or unreasonable,* or whether the parties seeking to dismiss are acting in good faith or not. *It may be assumed that the appellant has presented grounds for relief which would be sufficient if relief could be granted.* But the requirement as to the time for taking an appeal is mandatory, and the court is *without jurisdiction* to consider one which has been taken subsequent to the expiration of the statutory period. (Citations.) In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal (citation), even to relieve against mistake, inadvertence, accident or *misfortune.* (Citations.) Nor can jurisdiction be conferred upon the appellate court by the consent or stipulation of the parties, estoppel, or waiver. (Citations.) If it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made.'' (Emphasis added.) In *People* v. *Lewis, supra,* a criminal case, it is said (p. 414): ''The time for filing notice of appeal cannot be extended by stipulation or *other action of the parties* to the proceeding, or by order of the court. (See, cases cited, *supra.*) The execution and filing of notice of appeal is done by a party or his attorney, and is not an act of the court. Where through inadvertence or mistake of a party or his attorney notice is not filed within the time limited by law, neither the trial court nor appellate court can afford relief thereafter

by permitting filing of a tardy notice." (Emphasis added.)

Those cases in announcing that doctrine *stand practically alone in the United States.* (See 149 A.L.R. 1261, note on *Estate of Hanley;* 32 Cal.L.Rev. 84.) In fact in this state we have the well-reasoned case of *Moyle* v. *Landers,* 78 Cal. 99, 106 [20 P. 241, 12 Am.St.Rep. 22], where this court said: "To allow this motion [the motion to dismiss where the delay in filing the notice was due to the fraud of respondent] to prevail under such circumstances would be a *travesty on justice, and bring the administration of the law into just reproach.*

"We are met with the claim, on the part of the respondents, that this is a purely jurisdictional question, that this court can only obtain jurisdiction in the way provided by law, and that it cannot be conferred by the consent or voluntary submission of the parties, and in support of this contention they cite *Bonds* v. *Hickman,* 29 Cal. 462; *Judson* v. *Love,* 35 Cal. 466; *Shartzer* v. *Love,* 40 Cal. 96; *Reed* v. *Allison,* 61 Cal. 465.

"As we have already said, the rule stated in these cases must be conceded to be the true one, but in our judgment they do not meet the case presented here.

"There was no question of fraud in either of the cases cited. The appellant simply failed to take the necessary steps to perfect the appeal, and in one of the cases there was a stipulation that the notice had been given, but this was contradicted by the certificate of the clerk and affidavit. We think it may very properly be questioned whether an express stipulation of the parties, waiving the steps necessary to perfect an appeal, or that such steps have been taken, made in good faith, should not be binding upon them and confer jurisdiction. (Hayne on New Trial, sec. 210, p. 642, and cases cited.)

"But this is not the question before us. The question here is, whether parties who have fraudulently prevented the service of the notice, by the concealment of material facts, and by a failure to enter their objection to the jurisdiction of the court at the proper time, and for the fraudulent purpose of preventing the proper service of the same have delayed making their objection until it was too late to remedy the defect, should not now be estopped to attack the notice given or to question the jurisdiction of the court.

"We are of the opinion that the respondents should not now be heard to question the jurisdiction of this court for

the want of the service of a proper notice of appeal under the circumstances of this case.'' (Emphasis added.)

The case at bar demonstrates the absurd results that may flow from the doctrine of the *Estate of Hanley*. Here we do not even have any fraud or intentional misconduct on the part of the state's employees. They were *merely negligent* in transmitting the notice of appeal to the clerk of the superior court. The situation is not distinguishable from that presented in the *Estate of Hanley*, yet a different result is reached. While I agree with that result, it is diametrically opposed to the *Estate of Hanley*, and that case must be overruled. Otherwise the decisions of this court are inconsistent, and the law is in a state of hopeless confusion. The majority of this court in the *Estate of Hanley* sought to ameliorate the dire consequences which would flow from the pronouncement of a rule that would result in a ''travesty on justice'' by suggesting that the injured party could seek equitable relief, a wholly inadequate remedy, as I pointed out in my dissent in that case. In the case at bar it must be and is admitted that such remedy is wholly useless, thus overruling, but silently, the *Estate of Hanley* on this phase of the problem.

The majority opinion does not discuss the effect of the late filing of a notice of appeal as depriving the appellate court of jurisdiction to hear the appeal. This was the basis of the decisions of this court in *People* v. *Lewis, supra,* and *Estate of Hanley, supra*; that is, that unless a notice of appeal is filed within the time prescribed by statute, the appellate court lacks jurisdiction to hear and determine the cause, and that this is true regardless of the reason or cause for the failure to file such notice with the superior court. The gist of the majority opinion appears to be that where a notice of appeal in a criminal case is delivered to an employee of the state for filing within the time prescribed by statute for such filing, such delivery will be considered constructive filing. I cannot agree with this line of reasoning. In effect it makes every state, county and city employee, with whom a defendant may come in contact, a deputy county clerk, as the notice must be deemed filed when it is delivered to him. This is indeed a fiction which is equally as absurd as the reasoning in the Lewis and Hanley cases and may lead to just as dire consequences. No authority is cited in support of this unique theory, and I am sure none can be found. To my

mind a much sounder theory on which to base the decision would be to hold that when the failure to file a notice of appeal is the result of fraud, mistake, inadvertence or neglect on the part of the adverse party and there is no negligence or lack of diligence on the part of the appellant, the time to file the notice of appeal is extended and the appellant loses no rights thereby. This is the general rule and is supported by a wealth of authority (see 149 A.L.R. 1261, and 32 Cal.L.Rev. 84) including the two dissenting opinions in *Estate of Hanley, supra.*