ISRAEL HUERTAS RAMOS, Petitioner, *v.* JAMES M. JONES, WARDEN OF THE INSULAR PENITENTIARY ET AL., Respondents.

No. 467. Argued July 30, 1953.—Decided August 19, 1953.

*Israel Huertas Ramos, pro se* (did not appear). *Jaime García Blanco, Special Fiscal of the Supreme Court,* for respondents.

MR. JUSTICE SIFRE delivered the opinion of the Court.

This is an action in mandamus in which the petitioner seeks to compel the Superior Court, San Juan Part, to hear, in accordance with the law, his appeal from the two judgments rendered against him.

While petitioner was confined in the Insular Penitentiary he was taken to the Municipal Court of Río Piedras, now District Court, Río Piedras Section, where he was sentenced on January 31, 1950, to one year imprisonment in jail for carrying weapons and another year for the offense of aggravated assault and battery.[1] On that same date, and upon being confined again in that institution, the petitioner prepared and sent to the Record Office thereof, his appeal

---

[1] We are not aware of the reason why petitioner was confined in the Insular Penitentiary.

papers in order that they be transmitted through that office to the clerk of the trial court for filing.

Although in his answer to the petition for mandamus the Warden of the Penitentiary denies that the delay in delivering the notice of appeal was due to the negligence of the Record Office of that institution, he admits petitioner's allegation to the effect that although the notice of appeal was prepared and sent to said office on the same day he was sentenced, that is, on January 31, 1950, the notice was not sent to the trial court until 15 days later, stating furthermore, in his answer: "That it appears from the notice of appeal that it was transmitted by the Warden of the Insular Penitentiary on February 16, 1950 . . .."

In our opinion it is evident that the petitioner timely took all the proper steps to prosecute his appeal in order that the notice should reach the clerk of the trial court within the prescribed time limit, and that if he failed, it was due to the fact that the prison authorities transmitted them too late. In view of this, it is not fair that petitioner should suffer the consequences, and we should grant him the relief prayed for in order that he may properly prosecute his appeal. When an inmate is sentenced and he timely and with due diligence prepares his appeal papers and delivers them to the prison authorities in time to be transmitted to and received by the clerk of the trial court before the term to appeal expires, and those officers fail to do so, the delivery to them of the notice of appeal constitutes a constructive filing within the prescribed time limit. *People* v. *Slobodion*, 30 Cal. 2d 362; *Dowd* v. *Cook*, 340 U. S. 206. Those and other cases are applicable here because of their underlying principle, regardless of the fact that in some of them prison rules precluded the delivery of the appeal papers.

Having reached this conclusion, we must note that petitioner's appeal was pending at the time of the enactment of Act No. 11 of July 24, 1952, entitled the "Judiciary Act of the Commonwealth of Puerto Rico," and that his appeal

will be heard in the Superior Court, San Juan Section, in a trial *de novo* pursuant to the statute in force when petitioner sent his notice of appeal to the Penitentiary's officers. [2]

For the reasons stated, judgment shall be entered ordering the Warden of the State Penitentiary of Puerto Rico to return to the clerk of the District Court, Río Piedras Section, [3] petitioners notice of appeal and directing the clerk to receive it and to follow the usual process in accordance with the terms of this opinion.

Mr. Justice Marrero did not participate herein.

---

[2] Section 32 of the Judiciary Act provides, in part as follows:

"... All cases pending in the former Justice of the Peace Court and the former Municipal Court which have been tried, and all cases pending on appeal therefrom in the former District Court, shall be allowed an appeal to the Superior Court with a trial *de novo* in accordance with the former law ..."

[3] By an order of May 18, 1953 we joined as party defendant the person discharging the office of clerk of the District Court, Río Piedras Section.