[Civ. No. 21260. Second Dist., Div. One. Oct. 4, 1955.]

BENJAMIN J. BROWN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Benjamin J. Brown, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondents.

THE COURT.—Petitioner urges he is entitled to the writ prayed for on the ground that he was denied the right to an appeal because certain Los Angeles county jail officials refused to mail a notice of appeal for him. He asks that this court direct the filing of his notice of appeal and order the preparation of a clerk's and reporter's transcript on appeal for filing in this court.

An examination of the record reflects that in the Superior Court of Los Angeles County petitioner was convicted of the crime of robbery which was found to be robbery of the second degree. On November 18, 1954, judgment was pronounced and he was sentenced to state prison. No notice of appeal was filed with the clerk of the superior court within the time prescribed by the Rules on Appeal.

Thereafter, on December 6, 1954, and accompanied by a letter of Thomas Farrell, records officer of the California Institution for Men at Chino, a document, dated December 3, 1954, and denominated Notice of Appeal, was filed with the clerk. Pursuant to this notice, a clerk's and reporter's transcript was prepared and filed with this court on January 18, 1955.

Subsequent to the filing of the record on appeal the People filed a notice of motion to dismiss the appeal. The matter came on for hearing and, pursuant to the People's motion, the appeal was dismissed by this court on March 22, 1955. On July 25, 1955, petitioner filed in this court the foregoing petition for a writ of mandate.

By his petition and the affidavits of two inmates of the state prison, petitioner claims that on the day of the judgment (November 18, 1954), he addressed a note to the superior court, stating that he wished to file a notice of appeal; that he called the jailer, a "Mr. Bogdan" or a "Mr. Bardon" and asked him to deliver the notice for him; that "Bogdan" or

"Bardon" apparently refused to act as a messenger for him; that petitioner then borrowed a stamp and envelope from a cellmate and gave the envelope, addressed to the clerk of the court, to "Bogdan" or "Bardon." Petitioner claimed that he later sought to ascertain if the letter had been mailed, but received no satisfaction from "Bogdan" or "Bardon." (It appears that the notice of appeal which was filed was mailed by the records officer at the Men's Institution at Chino after petitioner was transferred to said institution pursuant to the judgment.)

In opposition to the petition for a writ of mandate the attorney general has filed a photostatic copy of the monthly "time record" of the jail division for the month of November, 1954. No person by the name of "Bardon" appears to have been working in the jail division. The record discloses that a deputy sheriff named Virgil G. Bogdan was temporarily employed on May 5, 1954, and his employment was made permanent July 1, 1954. It further shows that he went to training center on November 22, 1954 and returned to jail guard duty November 30, 1954.

The affidavit of Deputy Sheriff Bogdan reveals that on the date of November 18, 1954 (the date upon which petitioner alleges he requested Bogdan "to deliver said notice of appeal to the proper authorities who would deliver said notice of appeal to the Court") Bogdan was "off duty" from the Los Angeles County Jail, and this is substantiated by an examination of the monthly "time record." The affidavit of G. V. Torres, establishes that he is the lieutenant in charge of the 8 to 4 p.m. shift, Los Angeles County Jail; that he examined the monthly time record for November, 1954, and that, to the best of his knowledge and belief, it is a true copy of the work assignments and that Deputy Bogdan was on regular day off on November 18, 1954, and that he was relieved by Deputy Sheriff J. L. Brown.

The affidavit of Deputy Sheriff Joe L. Brown reveals that he was relieving Deputy Sheriff Bogdan on November 18, 1954. Deputy Sheriff Brown was unable to recall any conversations with petitioner Brown, but was positive that he had not had any with him in respect to this matter. It was also denied that he had accepted a letter for mailing, as alleged by petitioner Brown.

That the established procedure for handling mail in the jail facility is for the inmates to place their letters in a holder

located on the corridor and the custodial officers pick it up on their rounds for deposit in the office and later mailing.

From the foregoing we are persuaded that petitioner has not met and sustained the burden resting upon him to establish that he was denied the right to file his notice of appeal by any act or omission on the part of any jail official, and that the facts and circumstances here present do not come within the rules enunciated by the Supreme Court in the case of *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868], and followed in the case of *People* v. *Aresen,* 91 Cal.App.2d 26 [204 P.2d 389].

The petition is denied.