[Crim. No. 5858. Second Dist., Div. Two. Feb. 27, 1957.]

THE PEOPLE, Respondent, v. ROBERT ROLAND AYALA, Petitioner.

Robert Roland Ayala, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

THE COURT.—The matter before us involves a motion by petitioner, Robert Roland Ayala, for leave to file a belated appeal from a judgment of conviction. The judgment was entered on January 25, 1955. The current motion was filed in this court on January 18, 1957.

Seeking to justify the delay of nearly two years in instituting an appeal from the judgment, petitioner's verified motion purports to state facts showing he did everything

within his power to perfect an appeal within the time prescribed by law. Relying on *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868], he alleges that during and shortly after the statutory time for appeal, he attempted to file a notice of appeal, but his attempts to do so were frustrated by refusal of his jailors to mail his notice and by erroneous advice as to his right of appeal given him by prison officials. In opposition to petitioner's motion, the People submitted counteraffidavits by three of the prison functionaries identified by petitioner as having obstructed his efforts to proceed with an appeal.

Upon consideration of the showing made, we find petitioner has failed to establish that he used reasonable diligence to accomplish the timely filing of his notice of appeal or that prison officers or employees were responsible for the failure of such notice to be filed within the time specified by law. Therefore, petitioner has failed to sustain the burden of showing that the substantial delay in perfecting his appeal is attributable to prison authorities. Since petitioner's attempted appeal was not taken in time, this being a jurisdictional requirement (*In re Horowitz,* 33 Cal.2d 534 [203 P.2d 513]), his motion must be denied.

Motion denied.