[Civ. No. 9155.   Third Dist.   July 22, 1957.]

CHARLES WOODS, Petitioner, v. THE SUPERIOR COURT OF SOLANO COUNTY et al., Respondents.

714

C. K. Curtright for Petitioner.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondents.

VAN DYKE, P. J.—Charles Woods presented a petition to this court for a writ of mandate to compel the clerk of the Superior Court of the State of California, in and for the County of Napa, to prepare the transcripts on appeal in the case of *People* v. *Woods*. Petitioner alleged that a judgment of conviction of murder in the first degree was entered against him by the court on February 10, 1956; that on February 17, 1956, while he was in the reception center at San Quentin he presented a written notice of appeal to the proper prison official for mailing to the clerk; that the clerk of the superior court has not prepared and refuses to prepare the transcripts because he has never received a notice of appeal from petitioner. Petitioner contended that he is entitled to the transcripts because he constructively filed a notice of appeal, within the time allowed, when he presented his notice of appeal to the proper prison official with a request that it be forwarded to respondent. This court issued its alternative writ of mandate, and after a return was filed raising issues of fact it appointed the Honorable N. Charles Brusatori, Judge of the Superior Court of the County of Marin, as referee to ascertain the truth. Thereupon Judge Brusatori held three hearings at which several witnesses testified. He has submitted his report and therein made the following findings of fact:

1. Petitioner did prepare a written notice of appeal from the judgment under which he is now held in custody.

2. (a) That said document above mentioned was entitled "Notice of Appeal," was addressed to the Superior Court of the State of California, in and for the County of Solano, and to the judge, the prosecutor and the clerk of the court; that it requested the clerk to prepare the records on appeal, including all the testimony taken as to the degree of the crime and the arguments advanced by counsel; that said document was dated and contained petitioner's name and prison number at the top thereof, and was signed by the petitioner at the bottom; that the document did not contain the number or the name of the case.

(b) That petitioner personally handed said document to a person seated in the office of the Reception-Guidance Center at San Quentin Prison, who was a civilian employee of the

prison, and whose identity is not now known, and who took said document from petitioner; that petitioner informed said civilian employee that he had been convicted from Solano County and that he had an appeal he wished mailed to the court, and that petitioner was advised by said employee as follows: "All right, I'll mail it out."

(c) That such steps above mentioned were taken by petitioner on February 17, 1956.

(d) That petitioner in taking such steps complied with prison rules.

3. That the prison official or prison employee mentioned above, and whose identity is not now known, did refuse or neglect to mail or file the said notice so delivered to him by petitioner as aforesaid.

Though not specifically set forth in the findings, it was shown that the office to which petitioner went, on advice received by him that he should do so, was the office in which notices of appeal were regularly received and from which they were forwarded.

From the record submitted, it is apparent that Judge Brusatori's findings are amply supported. While the findings are not binding on this court, they have been considered, together with the transcript of the evidence before the referee, and are hereby adopted.

■ Since petitioner personally handed a notice of appeal to a person seated in the office of the Reception-Guidance Center at San Quentin Prison who was a civilian and who informed petitioner that the notice of appeal would be mailed, we are of the opinion that petitioner took every step he could be reasonably expected to take to perfect his appeal. Since he did, we hold that petitioner constructively filed his notice of appeal and that he is entitled to have respondent clerk prepare the transcripts on appeal in the case of *"The People of the State of California* v. *Charles Woods."* (*In re Gonsalves*, 48 Cal.2d 638 [311 P.2d 483]; *People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868].)

Let a peremptory writ of mandate issue as prayed for.

Schottky, J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.