Filed 3/20/14  P. v. Waters CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>KEITH BRADLEY WATERS,<br><br>    Defendant and Appellant. | C071739<br><br>(Super. Ct. Nos. MF032627A,<br>           MF032718B ) |

In February 2011, defendant pled guilty in case Nos. MF032627A (to possessing cocaine) and MF032718B (to assault with a deadly weapon).  The trial court imposed a prison sentence and stayed its execution, granting defendant probation and imposing various fines and fees among other conditions thereof.  Defendant did not appeal the court's February 24, 2011 orders.

1

Defendant subsequently admitted violating his probation by failing to report and, in July 2012, the trial court lifted the stay and ordered the prison sentence executed with a modification not relevant to defendant's contention on appeal. Defendant appealed the court's July 9, 2012 orders of judgment.

## DISCUSSION

Defendant's sole contention on appeal is that the court erred in February 2011 by ordering conditions of probation which included payment of a booking fee of $76 (in both cases) and a "cite" fee of $10 (in case No. MF032627A). He contends these fees must be stricken because, although they appear in the orders of probation signed by both defendant and the court, the trial court did not orally impose them at sentencing. The People contend defendant's appeal of these orders is untimely. We agree.

"A timely notice of appeal, as a general matter, is 'essential to appellate jurisdiction.' [Citation.]" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094.) The notice of appeal in a criminal case must generally be filed within 60 days of the issuance of the order being appealed. (Cal. Rules of Court, rule 8.308(a).) This time requirement is mandatory and "appellate courts are without jurisdiction to consider an appeal which has been taken subsequently to the expiration of the statutory period. [Citation.]" (*People v. Slobodion* (1947) 30 Cal.2d 362, 365-366.)

The fees that defendant now contests were contained only in the trial court's February 2011 order granting probation. An order granting probation and imposing sentence, the execution of which is suspended, *is an appealable order* (Pen. Code, § 1237, subd. (a)) and, "[i]n general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment." (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) When a trial court grants probation, "a defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. [Citation.] If the defendant

2

allows the time for appeal to lapse during the probationary period, the sentence becomes final and unappealable.  [Citation.]"  (*Ibid*.)

Because the July 2012 orders from which defendant appeals are not the source of his contentions, which instead relate back to an earlier, appealable order that defendant failed to timely appeal, we lack jurisdiction to address his contentions.  He brings us no challenges related to the July 2012 order.  Accordingly, we must affirm.

## DISPOSITION

The judgment is affirmed.


          DUARTE          , J.


We concur:


      RAYE          , P. J.


      MAURO        , J.