[Crim. No. 4521.   Second Dist., Div. One.   May 2, 1951.]

THE PEOPLE, Respondent, v. FREDERICK SMITH GRAFF, Appellant.

Frederick Smith Graff, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant was convicted by a jury of three counts of issuing fictitious checks. He admitted one prior felony conviction and imprisonment.

The circumstances attending cashing the checks were similar. Defendant entered a store and purchased an article—shoes in one place, a woman's slip and a boy's sport shirt in the others.

He tendered checks in payment, each check being for more than the purchase price of the article purchased. Thus he got the money and the merchandise.

The maker of the checks was unknown and had no account in the bank upon which they were drawn. The payee of the checks was not the defendant, but a man named Kenneth Gilbert. Gilbert's forged endorsement was already on the checks when presented. Defendant exhibited Gilbert's automobile driver's license, and represented that he was Gilbert. Gilbert had theretofore left his driver's license in the glove compartment of an automobile which was stolen.

The clerks who sold the articles, and the store managers who okayed the checks positively identified defendant as the man who cashed them.

Members of defendant's family testified to an alibi with reference to the dates when two of the checks were cashed. Defendant took the stand and categorically denied passing any of the checks. As stated, none of the writing on the checks was defendant's, his conviction being based on the crime of uttering. (Pen. Code, § 476.)

First, the attorney general argues that the appeal must be dismissed, because defendant's notice of appeal was not filed with the clerk of the superior court within 10 days after rendition of the judgment, as required by rule 31 of Rules on Appeal.

Judgment was rendered March 8, 1950; notice of appeal was filed March 20, 1950; it was dated March 16, 1950.

Defendant has represented himself on appeal without counsel. He prepared his notice of appeal himself, while confined in the county jail. In his brief he states that the notice of appeal was prepared and signed on March 16, 1950. He does not say that he mailed or caused the notice of appeal to be mailed, or gave it to anyone for that purpose.

█ Time requirements in the rules are mandatory, and appellate courts are without jurisdiction to consider an appeal taken after the period limited in the rule. (*In re Horowitz*, 33 Cal.2d 534 [203 P.2d 513].) However, the facts in this case come close enough to the exception to the rule stated in *People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868], that this court is of the opinion it would be better to consider and pass upon the contentions made by defendant.

█ The attorney general also suggests that that portion of defendant's notice of appeal which purports to appeal from the "sentence" should be dismissed. This position is correct. (*People* v. *Tallman*, 27 Cal.2d 209 [163 P.2d 857].)

Defendant claims that he was not accorded a fair trial because he asserts: (a) that the public defender failed to present all of the evidence favorable to him which was available; (b) revealed facts to the district attorney which he should have kept in confidence for use on the trial; (c) called defendant to the witness stand to testify in his own behalf, knowing that defendant could not associate dates with events, with the result that defendant's testimony of an alibi conflicted with that of members of his family; (d) misconduct of the district attorney; and (e) insufficiency of the evidence to support his conviction.

█ Nothing appears in the reporter's transcript which would indicate any professional misconduct of defendant's counsel. Defendant's charges are all based on asserted facts outside the record.

█ An appellate court cannot consider matters not appearing in the record. (*People* v. *O'Neill*, 78 Cal.App.2d 888 [179 P.2d 10].) █ Unless a defendant promptly complains to the trial court, he is bound by the acts of his counsel. (*People* v. *Youders*, 96 Cal.App.2d 562 [215 P.2d 743].) █ None of defendant's charges were made until after verdict.

█ Neither does the record show any misconduct of the district attorney.

■ And there being substantial evidence to support the verdict (*People* v. *Wright,* 94 Cal.App.2d 70 [210 P.2d 263]) all of defendant's labored effort to break down the weight, value, and effect of the evidence against him is wasted. This is a jury state. The jury which tried defendant found him guilty upon positive identification of him by seven clerks and store managers. No legal error appearing in the record, that is the end of it.

The judgment is affirmed, and the purported appeal from the sentence is dismissed.

White, P. J., and Doran, J., concurred.