[Crim. No. 2437. Third Dist. Dec. 31, 1953.]

THE PEOPLE, Respondent, v. MILNE McBRIDE,
Appellant.

Hugh F. Melvin, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

PEEK, J.—This is a motion by the state to dismiss defendant's appeal upon the sole ground that it was not filed ''within ten days after the rendition of the judgment'' as provided in rule 31 of Rules on Appeal.

At the outset defendant is confronted with the general rule that the time for filing notice of appeal is jurisdictional and cannot be extended by action of the parties or by order of the court. (*People* v. *Behrmann,* 34 Cal.2d 459 [211 P.2d 575].) Defendant concedes that on its face the written notice was filed too late, but he contends that the rule above enunciated is not without exception nor is it mandatory. This is true, he says, because of the use of the word ''may'' that is ''an appeal may be taken'' by filing a written notice as therein provided. From this he concludes that by use of the particular wording discretion is thereby given a court to grant or deny a motion to dismiss as the facts of the case may warrant. In support of this contention reliance is placed upon *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868]; *People* v. *Aresen,* 91 Cal.App.2d 26 [204 P.2d 389, 957]; and *People* v. *Stinchcomb,* 92 Cal.App.2d 741 [208 P.2d 396].

In the Slobodion case the defendant, who at the time was incarcerated, did everything he could to perfect his appeal, but the prison authorities ''carelessly and negligently'' failed to forward his notice of appeal. In the Stinchcomb case comparable facts were shown and hence it came within the exception. No such question was presented in the Aresen case. There the question presented related to the sufficiency of the notice to constitute an appeal from the judgment.

Here the only mitigating fact is that until subsequent to the filing of the notice of appeal defendant was acting as his own counsel. While this court may feel as does counsel for defendant that the rule is harsh (see *People* v. *Dawson,* 98 Cal.

App.2d 517 [220 P.2d 587]) nevertheless in light of the conclusiveness of the rule it cannot be said that acting as one's own counsel is such a circumstance as would bring the case within the exception enunciated in *People v. Slobodion,* and hence we are compelled to conclude that the appeal must be dismissed.

The motion is granted.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied January 15, 1954.