[Crim. No. 2956. First Dist., Div. One. Feb. 19, 1954.]

THE PEOPLE, Respondent, v. HENRY EDWARD REKULA, Appellant.

Henry E. Rekula, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Charles E. McClung, Deputy Attorney General, for Respondent.

BRAY, J.—Defendant appeals from a conviction of two counts of violation of section 470, Penal Code, and from denial of his motion for a new trial.

While represented at the trial by the public defender, defendant appears here in propria persona. He makes the blanket contentions that the evidence was insufficient, that he was denied due process of law, that the witnesses against him committed perjury, that the district attorney was not "fair and impartial," that many sections of the United States Constitution, the California Constitution, and the Penal Code were violated, and that he is entitled to a reversal on all the "statutory grounds contained in Section 1181" Penal Code. He does not attempt to show in what manner his rights were violated nor give any specific support for his contentions. He merely refers to various pages of the transcript without indicating any connection between those pages and his blanket contentions. We have carefully studied the transcript and cannot find any instance of error nor of any denial of any of defendant's rights. While we doubt if the district attorney was wholly impartial (obviously he was endeavoring to convict defendant) we find no instance (and defendant has pointed out none) in which he was unfair.

### EVIDENCE

In the first count it was charged that defendant falsely made, altered, forged, uttered, published and passed a certain described check that appeared to be a payroll check of Ace Dye Works and cashed by Robert Hall Clothing Company, knowing it to be false, altered and forged. Count 2 contained a similar charge as to what appeared to be a payroll check of A. M. Castle and Company and cashed by Lucky Stores. A prior conviction of forgery charged was admitted by defendant.

### FIRST COUNT

During the Columbus Day (October 12th) week end the Ace Dye Works was burglarized. Nothing appeared to be stolen but a book of blank payroll checks and a checkwriter. On October 22d defendant appeared at the Robert

Hall Clothing store in Oakland, made a $12 or $13 purchase and tendered a check for $67.94 identified as one of those stolen, which was signed for the Ace Dye Works with fictitious signatures and was made payable to ''Paul Esterly.'' Defendant falsely stated that he was employed by the Ace Dye Works and presented an automobile driver's license issued to Paul Esterly. At the preliminary examination the witness who cashed the check testified that defendant endorsed it in his presence. At the trial the witness admitted he may have been mistaken in this respect, that while usually he required that a check be endorsed in his presence he could not recall whether or not that occurred in this instance.

### Second Count

The facts here were quite similar to those in the first count. Defendant had been employed by A. M. Castle and Company from July 17th to August 15th. During the week end of October 24th, the Castle office was burglarized. Here, too, all that was taken were blank payroll checks and the check protector. October 28th defendant appeared at one of the Oakland Lucky Stores with one of these stolen checks signed for Castle with fictitious names and payable to Paul Esterly. Again defendant identified himself as Paul Esterly and produced an operator's license in that name. The witness who approved the check for cashing by the cashier testified at the preliminary that defendant endorsed the check in his presence. Like the witness in the first count, at the trial he testified that the check was already endorsed when he received it but that he asked defendant where Haight Street was (apparently the endorsement included Esterly's purported address), and defendant stated ''San Francisco,'' so he asked defendant to write that on the check. Defendant then wrote the initials ''S. F.''

Defendant did not take the stand. A handwriting expert produced by him testified that in his opinion the ''Paul Esterly'' endorsement was not written by defendant but by one Phillip Esterly, now deceased, exemplars of whose handwriting the expert had, and that the signatures of the purported makers of the checks were not written by defendant. The witness could not say whether the ''S. F.'' on the second check was or was not written by defendant.

It is obvious that the evidence was sufficient under both counts. Whether the mistake of the witnesses who cashed the checks in testifying at the preliminary that they were

endorsed in their presence was due to the fact that defendant may have appeared to endorse the checks, although actually not doing so, to the witnesses assuming that the general practice was followed, to mistake, or to some ulterior motive, was a question of credibility for the jury to determine.

The modus operandi here was almost identical with that in *People* v. *Graff*, 104 Cal.App.2d 32 [230 P.2d 654], where, as here, the charge was the same and none of the writing on the checks was that of the defendant. There the conviction was upheld, as it should be here.

■ Defendant states that the court "transcended its jurisdiction" by allowing the jury to recess while the trial continued. Apparently he refers to the situation which arose when a witness for plaintiff evidently surprised the district attorney by testimony contrary to what the latter expected the witness to testify. Thereupon the district attorney stated he wanted to make a showing in the absence of the jury. The jury was excused. Thereupon the district attorney asked the witness if the preceding Friday the witness had not stated in the presence of a certain witness that the witness was present with defendant when the latter broke into the Castle office and got a check book. The witness denied making such statement. It was brought out that the witness was in custody and the previous night had been placed in the jail tank with defendant and talked to him concerning the case. When the jury returned the witness was excused. Not only was there no error in excusing the jury, but it was the eminently proper thing to do.

The judgment and order denying new trial are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.