[Crim. No. 7117.   Second Dist., Div. Two.   Mar. 21, 1961.]

THE PEOPLE, Respondent, v. GUSTAV FAUST STRUVE, Appellant.

Katz & Duncan for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

FOX, P. J.—Defendant was convicted of violating section 274 of the Penal Code (abortion). He has appealed.

Defendant's sole contention is that the court committed prejudicial error in not permitting defense counsel to make an opening statement to the jury at the conclusion of the prosecution's opening statement. Defendant asserts that "the concepts and ideas of a jury could be easily swayed at the outset of the case by hearing all the guresome details as outlined by the Disttict Attorney." He also argues that the jurors, having first heard the opening statement of the prosecution, followed by the evidence on behalf of the state, would not be able to weigh defendant's evidence with fair and unbiased minds.

The order of procedure in a criminal trial is governed by section 1093 of the Penal Code. Nowhere in that section is a defendant given the express right to make an opening statement to the jury immediately after the prosecutor's opening statement.  ▮▮▮  In commenting on that code section with respect to this matter, the court, in *People* v. *Cryder,* 90 Cal. App.2d 194, stated, at page 204 [202 P.2d 765] : ". . . section 1093 of the Penal Code in prescribing the order of proceedings at a trial, makes no mention of an opening statement by the accused. But subdivision 2 says that the district attorney 'must open the cause and offer evidence in support of the charge.' Subdivision 3 provides that the defendant 'may *then* open the defense and offer his evidence.' Such language impliedly commands silence on the part of the accused until the prosecution shall have introduced his proof. Such statute makes no provision for an opening statement by the defendant at the close of the prosecutor's opening statement." This

case cites with approval *People* v. *Dunn,* 40 Cal.App.2d 6 [104 P.2d 119], which appears to be the first case in which this question was raised. In that case the court, in discussing this issue, stated (p. 14): "There is nothing in the 'Order of the Proceedings' set forth in the Penal Code (§ 1093), which gives the defendant the right for which he here contends."

Section 1094, Penal Code, provides that "When the state of the pleadings requires it, or in any other case, for good reasons, and in the sound discretion of the court, the order prescribed in the last section may be departed from."

██ It is, therefore, clear that under section 1093 of the Penal Code a defendant in a criminal case does not have an absolute right to make his opening statement prior to the introduction of evidence by the people, but that such right is discretionary with the court (*People* v. *Dunn, supra*), and its action in that regard will not be disturbed on appeal, absent a clear showing of abuse of such discretion. (*People* v. *Moore,* 70 Cal.App.2d 158, 162 [160 P.2d 857].)

Although defendant relies greatly on what was said by the prosecutor in his opening statement as tending to establish that the jury could not help but be prejudiced against him, no transcript of the opening statement is included in the record on appeal. ██ Matters that do not appear in the record cannot be considered by a reviewing court. (*People* v. *Graff,* 104 Cal.App.2d 32, 34 [230 P.2d 654].)

██ There is a presumption that jurors perform their duty (Code Civ. Proc., § 1963, subd. 15). This presumption can be overcome only by showing some act of misconduct. (*People* v. *Root,* 112 Cal.App.2d 122, 126 [245 P.2d 679].) This the defendant has not done. His entire argument rests on the surmise that the jurors were unduly influenced by the opening statement of the prosecutor, but nowhere does the record support his position.

The judgment[1] is affirmed.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.

[1]The notice of appeal states that defendant also "appeals from the order denying the motion for a new trial." Neither the clerk's transcript nor the reporter's transcript discloses that defendant made a motion for a new trial. Hence there is no order denying such motion from which to appeal.