[Crim. No. 7427.    In Bank.    Dec. 26, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. RONALD PAUL MARTIN, Defendant and Appellant.

Burton Marks, under appointment by the Supreme Court, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

PEEK, J.—The People of the State of California move to dismiss the appeal of Ronald Paul Martin from a judgment of conviction of armed robbery in two counts.

Defendant chose to appear and defend in propria persona at the trial of the causes. Jury verdicts of guilty were rendered on August 23, 1962, at which time defendant waived probation and time for sentencing. Judgment of conviction was entered and he was thereupon sentenced to the state prison for the term prescribed by law.

Five days later on August 28, 1962, defendant presented to the clerk a notice of motion for a new trial. The clerk filed the notice and there appears on the document, immediately above the clerk's certificate of filing, the following: "Ordered filed by Judge Frank C. Charvat," which judge had presided throughout the proceedings in the superior court.

The motion was set to be heard on September 7, 1962, more than 10 days after the entry of judgment. On that date the motion was argued and denied. Immediately following the denial defendant stated in open court that he would forthwith file his written notice of appeal, and requested the court to set bail pending appeal. During a short discussion on the question of whether defendant was entitled to bail, neither the court nor the prosecuting attorney questioned the right to appeal. Bail was denied on that same day and defendant presented his written notice of appeal and it was filed by the clerk. Inscribed on the notice immediately above the clerk's certificate of filing is the statement: "Ordered filed by Judge Charvat." The notice specified those portions of the record

to be prepared in support of the appeal, and the record on appeal is now substantially complete.

The motion for dismissal is made on the ground that the appeal is not timely in that it was not filed within 10 days after rendition of the judgment on August 23, as required by rule 31, California Rules of Court.\* That rule provides in part as follows: ''In the cases provided by law, an appeal is taken by filing a written notice of appeal with the clerk of the superior court within 10 days after the rendition of the judgment or the making of the order. . . .'' It is noted that the appeal could have properly related only to the judgment, and not to the order denying the motion for a new trial as the latter is not an appealable order. (Pen. Code, § 1237.)

■ It has been held that rule 31 is mandatory in its application (*People* v. *Behrmann*, 34 Cal.2d 459, 461-462 [211 P.2d 575] ; *People* v. *Lewis* 219 Cal. 410 [27 P.2d 73]), and that the 10-day period for filing may not be extended. (Cal. Rules of Court, rule 45 (c).† However, when a defendant has diligently sought to file a timely notice but has been frustrated due to some default on the part of public officials charged with the administration of justice, a late filing has been deemed sufficient. Thus in *People* v. *Head*, 46 Cal.2d 886 [299 P.2d 872], a late filing by a prisoner who was advised by prison officials that his notice of appeal would be typed and available for signing in sufficient time for filing was excused under the principle first announced in *People* v. *Slobodion*, 30 Cal.2d 362 [181 P.2d 868].

In both the *Head* and *Slobodion* cases the prisoners had delivered a notice, whether in final or preliminary form, within the time allowed, and this was deemed to constitute a ''constructive'' filing of the notice as required by rule 31. However, in the *Head* case we approved an extension of the *Slobodion* rule to the situation where even no timely ''constructive'' filing had been made within the statutory time, in the following language: ''In *People* v. *Calloway, supra*, 127 Cal.App.2d 504 [274 P.2d 497], the defendant was informed by the prison authorities that he had plenty of time to file his notice of appeal and would be given a pass to call on his counsel for the purpose of preparing and filing the notice. He was transferred to another prison, however, and placed in quarantine until the 10 days had expired. The court said (p.

---

\*Formerly Rules on Appeal, rule 31.
†Formerly Rules on Appeal, rule 45 (c).

506): 'This evidence falls short of presenting the precise factual situation which obtained in *People* v. *Slobodion,* 30 Cal.2d 362 [181 P.2d 868], but, undenied as it is, it tends to make a prima facie showing that defendant was lulled into a false sense of security by a representative of the state, the opposite party in the litigation. Accordingly, as stated in *People* v. *Graff,* 104 Cal.App.2d 32, 34 [230 P.2d 654] ''. . . the facts in this case come close enough to the exception to the rule stated in *People* v. *Slobodion* . . ., that this court is of the opinion it would be better to consider and pass upon the contentions made by defendant.'' ' ''

It is contended in the instant case that, due to default or implied representations by the trial court and prosecutor, defendant was "lulled into a false sense of security" by representatives of the state. When defendant filed his notice of motion for a new trial on August 28, time for filing notice of appeal had not yet expired. And since judgment had been entered the court actually had no jurisdiction to hear a motion for a new trial. (Pen. Code, § 1182.) However, the notice of motion was ordered filed by the court and a hearing date, more than 10 days beyond the date of entry of judgment was set. This assertion of jurisdiction by the trial court finds no basis in the record, and we can conceive of no proper explanation which would permit us to indulge in the presumptions that "official duty has been regularly performed" and that "a court or judge, acting as such, . . . was acting in the lawful exercise of his jurisdiction" (Code Civ. Proc., § 1963, subds. 15, 16), other than that the court had vacated or had intended to vacate the judgment but inadvertently failed to enter or make and enter such order, subject to reinstatement of the judgment following a determination of the motion for a new trial. That such was the case, at least outwardly, is further evidenced by the fact that the court entertained the motion, that the prosecutor participated therein and that the court, again by an express order allowed the filing of the notice of appeal beyond the 10-day period after the initial entry of judgment. It is also significant that the clerk did not endorse on the notice of appeal: "Received (date) but not filed," as directed by rule 31, California Rules of Court that whenever "a notice of appeal is received by the clerk of the superior court after the expiration of the period prescribed for filing such notice." Nor did the clerk advise defendant of proceedings by which he might have been relived of a filing which was not timely, as further required by rule 31.

Of course, if the judgment had in fact been vacated and reinstated, as suggested by the court's conduct, or if we deem this to have been the effect of the proceedings, the notice of appeal was timely. But regardless of the trial judge's actual or manifested intentions, it is patently clear that the course of action adopted by the court misled defendant into delaying his appeal. Had his notice of motion for a new trial been dealt with in a manner that was consistent with the court's recognition of the prior entry of judgment, defendant would have been able to file a notice of appeal which would have been timely as to the date of entry of the judgment. By virtue of the express order that the notice be filed, and the setting of a hearing date beyond the 10-day limit, defendant would reasonably have been misled into believing that the date of entry of the judgment was not a firm date. He was thus "lulled into a false sense of security" by representatives of the state under the rule expressed in *People* v. *Calloway, supra,* 127 Cal.App.2d 504, at page 506.

It is true that defendant is not entitled to relief merely because, in representing himself, he may have suffered some disadvantage due to his ignorance of the law. (*People* v. *McBride,* 122 Cal.App.2d 409 [264 P.2d 991]; *Frey* v. *Superior Court,* 5 Cal.App.2d 534, 536 [43 P.2d 342].) But while an experienced attorney might possibly have avoided the pitfall which the conduct of the court imposed, it nevertheless was that conduct which was the active ingredient in creating the hazard, and defendant's inability to extricate himself therefrom does not foreclose his right to relief. (See *In re Martin,* 58 Cal.2d 133, 140-141 [23 Cal.Rptr. 167, 373 P.2d 103].)

The motion to dismiss is denied.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.