[No. 864-3. Division Three. June 11, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY ELTON SODORFF, *Appellant*.

*Gary E. Sodorff*, pro se.

*Arthur Eggers, Prosecuting Attorney*, and *Jerry A. Votendahl, Deputy*, for respondent.

MUNSON, J.—Defendant appeals from an order in superior court dismissing his appeal from district court.

Upon his conviction in District Court, the defendant gave oral notice of appeal. He subsequently filed a written notice of appeal, but failed to comply with JCrR 6.01 (b), which requires that notice of appeal be served upon the attorney "for the party in whose favor judgment was entered," *i.e.*, the State. The prosecuting attorney, noting this oversight, filed a motion in the Superior Court to dismiss the appeal.

The Superior Court Judge, recognizing the rule as set down in *State v. Carmody*, 75 Wn.2d 615, 452 P.2d 959 (1969); *State v. Gregory*, 74 Wn.2d 696, 446 P.2d 191

(1968); *Port Angeles v. Dustin,* 73 Wn.2d 712, 440 P.2d 420 (1968), granted the State's motion. The cases cited require, in clear and concise language, strict compliance with the rule requiring serving and filing of the notice of appeal and other requirements set forth in JCrR 6.01. In his argument pro se before the Superior Court, defendant advised the court that he had filed his notice of appeal after having been informed by a Judge of the District Court that he need only file it with the court. He was not advised it was necessary to serve such a notice upon the prosecuting attorney.

In the instant case there is neither an affidavit nor testimony from the Judge of the District Court to substantiate defendant's argument. However, if in fact defendant was given this misinformation by representatives of the state, including court personnel, the notice of appeal should be deemed to have been in substantial compliance with the court rules inasmuch as the defendant did file his notice of appeal with the court. *Port Angeles v. Dustin, supra; People v. Martin,* 60 Cal.2d 615, 387 P.2d 585, 35 Cal. Rptr. 769, (1963). One approach would be to remand for a hearing to determine whether the defendant was lulled into his failure to strictly comply with the rules by representatives of the state.

However, rather than remand this matter for hearing on that issue, we think it more practical to overrule the order dismissing defendant's appeal and reinstate the appeal. *Cf. Malott v. Randall,* 83 Wn.2d 259, 517 P.2d 605 (1974). Therefore, we remand this case to the Superior Court for trial de novo.

McINTURFF, J., concurs.

GREEN, C.J. (concurring in part; dissenting in part)—In my view, the record made in the trial court reveals a lack of understanding by the pro se defendant of the necessity to make a record that would afford him a meaningful decision in the trial court or in this court on the issues raised. It would have been a simple matter for the defendant to have

requested a hearing upon his contention that he was told by the District Court Judge that all he needed to do was file a written notice of appeal with the District Court Clerk. Had this request been denied, then procedurally it would have been properly presented to this court. The same is true with respect to the claimed oral notice of appeal given in the presence of counsel for the prosecution. However, defendant did not do so; instead, the statement of facts reveals only that these representations were presented in oral argument in the Superior Court upon the prosecution's motion to dismiss the appeal. Procedurally, the matters argued by defendant in this court in support of a reversal are not ripe for decision.

However, recent decisions by the Supreme Court indicate a growing tendency to waive or liberally construe technical rules, *Malott v. Randall,* 83 Wn.2d 259, 517 P.2d 605 (1974); *Myers v. Harris,* 82 Wn.2d 152, 509 P.2d 656 (1973); *O'Connor v. Matzdorff,* 76 Wn.2d 589, 458 P.2d 154 (1969); and broaden the benefits available to those who cannot afford attorneys. *Iverson v. Marine Bancorporation,* 83 Wn.2d 163, 517 P.2d 197 (1973). Except for these decisions, *State v. Carmody,* 75 Wn.2d 615, 452 P.2d 959 (1969), would require that the order of the trial court dismissing defendant's appeal in Superior Court be affirmed.

On the state of the record before this court, it is my opinion that this case should be remanded for a hearing to determine whether the defendant was misled or lulled into his failure to comply with the court rules by the District Court Judge. If the trial court finds in favor of the defendant on this issue, he should be deemed in substantial compliance with the rules and his appeal from District Court to the Superior Court reinstated. *See People v. Martin,* 60 Cal.2d 615, 387 P.2d 585, 35 Cal. Rptr. 769 (1963); *Port Angeles v. Dustin,* 73 Wn.2d 712, 440 P.2d 420 (1968). Absent such a finding, the order dismissing defendant's appeal from District Court should be affirmed.

Petition for rehearing denied June 25, 1974.

Appealed to Supreme Court June 28, 1974.