[Civ. No. 50054. First Dist., Div. Three. Apr. 20, 1982.]

DOROTHY B. FRANKLIN, Plaintiff and Respondent, v. R. SPENCER STEELE, as Zoning Administrator, etc., et al., Defendants and Appellants.

## COUNSEL

George Agnost, City Attorney, Diane L. Hermann and Judith A. Boyajian, Deputy City Attorneys, for Defendants and Appellants.

Sheldon L. Greene and Greene, Kelley & Tobriner for Plaintiff and Respondent.

OPINION

SCOTT, J.—Appellant R. Spencer Steele, Zoning Administrator for the City and County of San Francisco, appeals from the granting of a peremptory writ of mandate ordering that he grant respondent Dorothy B. Franklin a variance and facilitate the issuance of a building permit consistent with that variance in accordance with the decision of the San Francisco Board of Permit Appeals. Application had been made on behalf of Franklin to the zoning administrator for a variance to facilitate the construction of two apartments on Franklin's property. The application was denied. Franklin appealed to the board of permit appeals who granted the variance. The zoning administrator refused to abide by the ruling of the board, hence, the instant petition for a writ of mandate to compel the administrator to grant the variance in accordance with the board's determination. We conclude that the appeal to the board was untimely; therefore, the board was without jurisdiction to enter its order. As we shall explain, we find no support in the record for the trial court's conclusion "that the Board of Permit Appeals acted within the scope of its authority and discretion in determining that the notice of appeal of petitioner Franklin was timely-filed and in accepting jurisdiction over such appeal. . . ."

By document dated October 28, 1976, Franklin designated Robert M. Witcher as her agent in the filing of an ". . . application for a variance from City Planning Code on additions to property located at 3060 Franklin Street . . . San Francisco . . . ." This document along with an application for a variance was presented to the zoning administrator on December 21, 1976. The application designated Witcher as the applicant and authorized agent for the owner Franklin. The application provided Witcher's address and telephone number and designated him as "the person to be contacted for details about this application." The variance application was denied by letter dated June 3, 1977. The denial letter was addressed to Witcher at his address on the application and stated "last date for filing appeal: June 13, 1977." The letter concluded with this sentence: "This decision will become effective if no appeal from this decision has been filed as provided in Section 308.2 of the City Planning Code on or before the last date for filing as noted above."

Franklin filed an appeal with the permit appeals board on June 24, 1977, 11 days beyond the 10-day period.

City Planning Code section 308.2 provides for procedures for appeals from the granting or denying of variances by the zoning administrator. That section provides in pertinent part as follows: "Right of appeal. The action of the Zoning Administrator, in granting or denying a variance application as described in Section 305 and Sections 306 through 306.5 . . . shall be subject to appeal to the Board of Permit Appeals in accordance with this Section. Such an appeal may be taken by any person aggrieved or by an officer, board or commission of the City and County. An appeal shall stay all proceedings in furtherance of the action appealed from."

As to the time requirements for the filing of the appeal the section further provides: "Notice of appeal. Any appeal under this Section *shall* be taken by filing written notice of appeal with the Board of Permit Appeals *within ten (10) days* after the date of the written variance decision or other written determination of the Zoning Administrator." (Italics added.) City Planning Code section 102 provides that the word "shall" is mandatory and not directory.

A hearing on Franklin's appeal was held on July 6, 1977, at which time the question of the timeliness of the appeal was raised. Mrs. Franklin advised the board that at some point after the variance application had been made she discharged Mr. Witcher as her agent. That fact, however, was not communicated to the zoning administrator. She did not receive the letter written to Witcher. She did, however, become aware of the zoning administrator's action from affected neighbors who had received notice. By letter dated June 10, three days before the appeal period expired, she wrote to the zoning administrator requesting a thirty-day extension of time to appeal. The letter was delivered to the administrator on June 13, the last day of the appeal period. By letter dated June 20, the administrator advised Franklin that her time for appeal had passed. She filed her notice of appeal with the board on June 24, 1977.

The members of the board discussed the timeliness question and voted to assume jurisdiction. The president of the board stated: "We voted that the failure to file within ten days is excusable . . . . I make a finding of fact that there was no authorization on behalf of the person who appeared, to receive the notice and the notice should have been sent di-

rectly to the property owner and it was not sent to the property owner, and hence there was no notice as required by the Code."

■ Although the board had jurisdiction to determine its jurisdiction, that is, whether the notice of appeal was timely filed, it is clear that there was no evidence before the board to support its finding that Franklin's failure to file within the 10 days was excusable. By written authorization Franklin had bestowed an agency upon Witcher to make application in her behalf and to accept communications on her behalf in connection with the application. There was absolutely no support for the board's conclusion that notice should have been given to Franklin and not her agent. Furthermore, it appears that Franklin was fully aware of the administrator's decision within the appeal period. From her request for a 30-day extension of time to appeal it can be reasonably inferred that she knew that June 13, 1977, was the last day for her to file her notice of appeal. She does not contend nor is there any showing that she would have been unable to perfect her appeal prior to June 13. Franklin relies on *Lindell Co.* v. *Board of Permit Appeals* (1943) 23 Cal.2d 303 [144 P.2d 4], in support of her contention that the board has discretionary power to assume jurisdiction over an appeal where there is, as she characterizes, substantial compliance with the appeals procedure. *Lindell*, however, is inapposite. *Lindell* generally discusses the broad authority of the board "to draw its own conclusions from the conflicting evidence before it and in the exercise of its independent judgment in the matter affirm or overrule the action of the central permit bureau." *Lindell* involved the power of the board to grant rehearings and reverse its own determinations. The court noted that the board was specifically empowered to grant rehearings as a matter of continuing jurisdiction. The rehearing procedures had been promulgated by the board itself and, the court concluded, could be relaxed by the board in the discharge of its powers. In this case, however, we are concerned with a municipal ordinance provision fixing by mandatory language the time within which appeals must be filed to the board. The board simply is without any jurisdiction to extend the time for appeal. In fact the board in its assumption of jurisdiction in the instant case did not purport to extend the time, but merely found in effect that the time for appeal had not commenced to run against Franklin because of failure to notify her personally.

Franklin argues that: "[t]he failure of the Planning Department to provide [her] with adequate notice of the decision and the means of perfecting her appeal was a sufficient cause to justify the extension of

the time in which to appeal." She cites various cases in support of this contention that an act on the part of the public agency causing delay in the filing of notice of appeal is grounds to extend that time. (See *Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214, 218 [82 Cal.Rptr. 469]; *People* v. *Martin* (1963) 60 Cal.2d 615 [35 Cal.Rptr. 769, 387 P.2d 585]; *Thompson, Curtis, Lawson & Parrish* v. *Thorne* (1971) 21 Cal.App.3d 797, 803 [98 Cal.Rptr. 753]; *Ursino* v. *Superior Court* (1974) 39 Cal.App.3d 611 [114 Cal.Rptr. 404].) Respondent's reliance upon these cases, however, is misplaced. There simply is no factual basis upon which it can be found that the zoning administrator in any way intentionally or inadvertently caused Franklin not to file her notice of appeal timely or misled her in any particular. He notified Franklin's agent in accordance with her directions. She argued before the board that the long period between her application and the action by the zoning administrator of approximately six months lulled her into inaction. It appears, however, that she never made any request that her application be expedited as was her right under City Planning Code section 306.4(d)(1).[1] Furthermore, Franklin admits that she had actual notice of the variance decision at least three days before her appeal period expired. There are simply no facts here to support any concept of estoppel. We note again, however, that the board's determination to assume jurisdiction was not predicated on such notion. They simply concluded that Franklin had not received notice of the zoning administrator's decision as required by the code.

We conclude, therefore, that the board was without jurisdiction to hear Franklin's appeal and that there is no evidentiary support for the trial court's conclusion that the board had authority to accept jurisdiction over the appeal.

We note that City Planning Code section 306.5 provides that when the zoning administrator denies a variance an application for reconsideration can be made any time after one year from the effective date of the final action upon the earlier application. Thus, Franklin could have made application for reconsideration at any time after June 13, 1978. That option has continued to be available.

---

[1]City Planning Code section 306.4(d)(1) provides: "In the case of variances, the decision of the Zoning Administrator shall, unless deferred upon the request or consent of the applicant, be rendered within 60 days from the date of conclusion of the hearing or, where no hearing is involved, within 60 days from the date of filing; *failure of the Zoning Administrator to act within the prescribed time shall entitle the applicant to cause the matter to be placed before the City Planning Commission for decision at its next following regular meeting.*" (Italics added.)

The order granting the peremptory writ of mandate is reversed and the cause is remanded with directions to deny such petition.

White, P. J., and Feinberg, J., concurred.