[No. A119028. First Dist., Div. Five. Mar. 27, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS E. BERMUDEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.

## COUNSEL

J. Wilder Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMONS, Acting P. J.**—Appellant Luis E. Bermudez's petition for a determination of factual innocence (Pen. Code, § 851.8)[1] was denied by the trial court as untimely. The court rejected appellant's contention that the two-year statutory limitations period imposed by section 851.8, subdivision (*l*), did not apply to petitioners like him, who had had charges lodged against them, but were not convicted. In the published portion of this opinion, we conclude the trial court's interpretation was correct and affirm.

### BACKGROUND

Appellant was arrested on October 2, 2001, for numerous offenses against M.C., which allegedly occurred on July 25, 2001; and, on December 5, an information was filed.[2] On January 18, 2002, the case was dismissed pursuant to section 1385.

On November 17, 2004, almost three years after the dismissal, appellant apparently served the San Francisco Police Department (police department) and district attorney with an "informal petition for relief" under section 851.8 regarding these charges.[3] The record contains the first page of a form

---

[1] All undesignated section references are to the Penal Code.

[2] The 2001 information charged appellant with the following offenses against M.C.: first degree burglary (§ 459) (count 1); rape (§ 261, subd. (a)(2)) (counts 2 and 3); penetration by foreign object (§ 289, subd. (a)) (counts 4 and 5); sodomy (§ 286, subd. (c)) (count 6); assault with intent to commit oral copulation (§ 220) (count 7); domestic violence (§ 273.5, subd. (a)) (count 8); and false imprisonment (§ 236) (count 9). Counts 2 through 6 alleged the acts occurred during a burglary (§ 667.61, subds. (a), (d)(4)). Since timeliness of appellant's petition is the sole issue on appeal, we need not recite the facts underlying the 2001 charges.

[3] The November 2004 petition states, "Copies to: Department of Justice [¶] District Attorney [¶] Petitioner," but the record contains no proof of service. The petition, endorsed by appellant, bears a November 17, 2004 stamp indicating it was received on that date by the "SFPD LEGAL OFFICE." The section of the form stating, "TO BE COMPLETED BY LAW ENFORCEMENT AGENCY OR COURT HAVING JURISDICTION OVER THE OFFENSE"

"PETITION TO SEAL AND DESTROY ARREST RECORDS PURSUANT TO PENAL CODE SECTION 851.8." The form contains a box stating, "IMPORTANT [¶] See reverse side for additional information pertaining to Penal Code Section 851.8."

On February 6, 2007, appellant filed the subject "formal petition" pursuant to section 851.8 seeking to seal and destroy the arrest records relating to the 2001 information. Attached is a March 23, 2006 declaration by appellant stating, "I did not know the procedures to seal and clean a record and did not know this was affecting my job search. This is one of the reason [*sic*] I did not summit [*sic*] this petition before." In support of supplemental points and authorities, appellant attached 11 rejection letters sent by various public and private prospective employers. With the exception of two undated letters, the letters were dated between November 2004 and March 2007. The People opposed the petition, inter alia, on the ground that, pursuant to section 851.8, subdivision (*l*), the November 2004 petition was untimely because it was filed[4] more than two years from appellant's October 2, 2001 date of arrest or filing of the October 3 complaint (the first accusatory pleading).

On June 20, 2007, the court issued a four-page order concluding that the subject petition was filed beyond the two-year limitations period set out in section 851.8, subdivision (*l*), and was therefore untimely. It also rejected appellant's assertions of good faith to excuse the petition's untimeliness.

Thereafter, appellant moved for reconsideration of his factual innocence petition supported by the declaration of his counsel, Demarris Evans, which sought to explain the delay in filing the petition between November 2004 and February 2007. The motion for reconsideration was denied.

## DISCUSSION

I. *Section 851.8, Subdivision (l) Applies to Limit the Time for Petitions Filed Under Section 851.8, Subdivision (c)*

■ Section 851.8 establishes the guidelines for sealing and destroying the arrest records of a person who is factually innocent. (*People v. Matthews* (1992) 7 Cal.App.4th 1052, 1055 [9 Cal.Rptr.2d 348].) It applies to the following classes of individuals: "(1) persons who have been arrested but no accusatory pleading has yet been filed (§ 851.8, subd. (a)); (2) persons who

remains blank. However, the court's June 2007 order states the November 2004 petition was served on the police department and district attorney.

[4] The record contains no evidence that the November 2004 petition was filed in the superior court. The record only establishes that the November 2004 petition was received by the police department.

have been arrested and an accusatory pleading has been filed but no conviction has occurred (§ 851.8, subds. (c), (d)); and (3) persons who are 'acquitted of a charge and it appears to the judge presiding at the trial . . . that the defendant was factually innocent' (§ 851.8, subd. (e))." *(Tennison v. California Victim Comp. & Government Claims Bd.* (2007) 152 Cal.App.4th 1164, 1171, fn. 4 [62 Cal.Rptr.3d 88].)

The parties agree that section 851.8, subdivision (c) (hereafter section 851.8(c)) directly addresses appellant, who was arrested and against whom an accusatory pleading was filed. Section 851.8(c) provides: "In any case where a person has been arrested, and an accusatory pleading has been filed, but where no conviction has occurred, the defendant may, *at any time after dismissal of the action,* petition the court that dismissed the action for a finding that the defendant is factually innocent of the charges for which the arrest was made. A copy of the petition shall be served on the prosecuting attorney of the county or city in which the accusatory pleading was filed at least 10 days prior to the hearing on the petitioner's factual innocence. The prosecuting attorney may present evidence to the court at the hearing. The hearing shall be conducted as provided in subdivision (b). If the court finds the petitioner to be factually innocent of the charges for which the arrest was made, then the court shall grant the relief as provided in subdivision (b)." (Italics added.)

Section 851.8, subdivision (*l*) (hereafter section 851.8(*l*)), however, imposes a two-year limitations period. It provides, in relevant part: "For arrests occurring on or after January 1, 1981, and for accusatory pleadings filed on or after January 1, 1981, petitions for relief under this section may be filed *up to two years from the date of the arrest or filing of the accusatory pleading, whichever is later.* . . . Any time restrictions on filing for relief under this section may be waived upon a showing of good cause by the petitioner and in the absence of prejudice." (Italics added.)

■ On its face, section 851.8(c) permits the filing of a section 851.8 petition at any time after the action has been dismissed. No court has decided whether a petitioner described in section 851.8(c) is nonetheless subject to the limitations period of section 851.8(*l*).[5] Because the plain meaning of these subdivisions does not resolve their apparent conflict, we must ascertain the

---

[5] In *People v. Bermudez* (1989) 215 Cal.App.3d 1226 [264 Cal.Rptr. 60] *(Bermudez)*, Division Three of this court did not address the argument that the two-year time limit of section 851.8(*l*) should not apply to petitions filed under section 851.8(c) because the parties had not addressed the issue on appeal. *(Bermudez,* at p. 1230, fn. 5.) The court noted, however, "the Legislature apparently intended [section 851.8(*l*)] to apply to *all* petitions under the section." *(Ibid.)* The court went on to conclude that the defendant (no relation to appellant) had not shown good cause for waiving the time limits in section 851.8(*l*). *(Bermudez,* at pp. 1230–1231.)

intent of the Legislature and construe section 851.8 in order to effectuate the purpose of the law. (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 685–686 [129 Cal.Rptr.2d 567].) Since statutory interpretation is a purely legal issue, our review is de novo. (*People v. Superior Court (Ferguson)* 132 Cal.App.4th 1525, 1529 [34 Cal.Rptr.3d 481].) Our review of the legislative history supports the conclusion of the trial court that the two-year time limit in section 851.8(*l*) applies to petitions filed under section 851.8(c).

Prior to the enactment of section 851.8, existing law provided for the sealing of records if a person was found factually innocent by a court after acquittal, and did not provide for the destruction of arrest records except in marijuana cases. (Legis. Counsel's Dig., Assem. Bill No. 2861 (1979–1980 Reg. Sess.) 4 Stats. 1980, Summary Dig., p. 382.) Section 851.8 was enacted by the Legislature in 1980 as urgency legislation, effective September 29, 1980. (Stats. 1980, ch. 1172, §§ 2, 6, pp. 3939, 3943.) The bill's purpose was to "provide a procedure whereby a person who has been arrested or detained and is factually innocent may request a law enforcement agency or the court to provide for the sealing and destruction of the arrest record, as specified." (Legis. Counsel's Dig., *supra*, at p. 383.)

Section 2 of Assembly Bill No. 2861 (1979–1980 Reg. Sess.), as introduced March 6, 1980, contained the "at any time after dismissal" language in section 851.8(c), but did not contain section 851.8(*l*) or any other time limit for filing petitions for the sealing and destruction of arrest records.

On April 16, 1980, Assembly Bill No. 2861 was amended to include section 851.8(*l*) and its two-year time limit. (Assem. Bill No. 2861 (1979–1980 Reg. Sess.) as amended Apr. 16, 1980.) An Assembly Ways and Means Committee analysis stated, "The bill has a two year statute of limitations for filing petitions based on arrests after January 1, 1981, but until January 1, 1983 they can be filed for arrest up to 5 years prior to the effective date of the statute." (Assem. Com. on Ways and Means, Analysis of Assem. Bill No. 2861 (1979–1980 Reg. Sess.) as amended Apr. 16, 1980, p. 2.)

Finally, a September 11, 1980 letter to Governor Edmund G. Brown, Jr., from Yolo County District Attorney Richard L. Gilbert, a sponsor of Assembly Bill No. 2861 (1979–1980 Reg. Sess.), urging the signing of the bill, provides, "The bill has been amended in a number of particulars since its first introduction in order to provide . . . limitations on the time period for the filing of petitions . . . ."[6]

---

[6] A reviewing court may consider correspondence directed to the Governor's office in determining legislative intent. (*Karlin v. Zalta* (1984) 154 Cal.App.3d 953, 968, fn. 9 [201 Cal.Rptr. 379]; accord, *Shapero v. Fliegel* (1987) 191 Cal.App.3d 842, 847, fn. 5 [236 Cal.Rptr. 696].)

■ Nothing in the language of section 851.8(*l*) or the aforementioned legislative history limits the two-year filing period to any one of the three classes of individuals entitled to relief under section 851.8. This suggests the Legislature intended the limitations period to apply to anyone entitled to petition for such relief.

■ In addition, when a statute is capable of more than one construction, or its provisions conflict, courts must attempt to harmonize and reconcile it in a manner which carries out the Legislature's intent. (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].) Section 851.8(c) and (*l*) are harmonized as follows: ■ Pursuant to section 851.8(c), persons such as appellant who have been arrested and have had an accusatory pleading filed against them, but no conviction resulted, who seek to have their arrest records sealed and destroyed, may not file their petition for relief *before* the dismissal of the action against them. Pursuant to section 851.8(*l*), this petition may not be filed *more than* two years from the later of the date of the petitioner's arrest or the filing of the accusatory pleading, unless the petitioner establishes good cause for the delay, and the People are not prejudiced by it.

Moreover, this statutory interpretation is reasonable. Section 851.8(c) serves to prevent a petitioner from filing a section 851.8 petition for relief while the criminal action is pending. The two-year limitations period in section 851.8(*l*) guards against the presentation of stale claims of factual innocence and encourages a swift conclusion to section 851.8 petitions. However, if good cause for the delay exists, and the prosecution is not prejudiced by it, the late filing is permitted.[7]

For the first time on appeal, appellant asserts that a determination by this court that section 851.8(*l*) limits the time for filing a petition under section 851.8(c) constitutes a new rule of law and should not be applied to him because he was not on notice that the section 851.8(*l*) time limits applied to his case. Thus, he argues it would violate his right to due process to deny his petition on grounds of untimeliness. Appellant's failure to raise this constitutional objection below waives the issue on appeal. (*People v. Rudd* (1998) 63 Cal.App.4th 620, 628 [73 Cal.Rptr.2d 807].) Moreover, long before appellant filed his petition, the *Bermudez* court recognized the interplay of sections 851.8(c) and 851.8(*l*) as an issue and, in dicta, noted that the Legislature apparently intended section 851.8(*l*) to apply to all section 851.8 petitions. (*Bermudez, supra,* 215 Cal.App.3d at p. 1230, fn. 5.) Thus, even if appellant's argument were cognizable on appeal, we would conclude that principles of due process do not prohibit application of the time limits of section 851.8(*l*) to his petition.

---

[7] One obvious example of good cause for exceeding the statutory deadline arises when the accusatory pleading is filed more than two years before the case is resolved in favor of the accused.

II. *The Trial Court Could Properly Conclude Appellant Did Not Establish Good Cause for the Delay in Filing His Section 851.8 Petition*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The order is affirmed.

Needham, J., and Stevens, J.,[†] concurred.

A petition for a rehearing was denied April 20, 2009, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied July 8, 2009, S172665.

---

[*]See footnote, *ante*, page 966.

[†]Retired Associate Justice of the Court of Appeal, First District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.