Filed 2/21/23  P. v. Walker CA1/4

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY WALKER,<br><br>    Defendant and Appellant. | A164170, A164171, A164172<br><br>(City & County of San Francisco Super. Ct. No. CT2219428)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING; NO CHANGE IN JUDGMENT** |

THE COURT:

It is ordered that the opinion filed herein on January 25, 2023, be modified as follows.

1.  On page 2, in the second paragraph, the sentence that starts with "On May 25, 2005, Walker was arrested for felony violations of . . ." shall be modified to read:

> On May 25, 2005, Walker was arrested for felony violations of rape by force, fear or threats (§ 261, subd. (a)(2)), sexual penetration by force, fear or threats (§ 289, subd. (a)(1)), forced oral copulation (§ 288a, subd. (c)(2)), and pandering (§ 266i, subd. (a)(2)).

2.  On page 2, in the second paragraph, in the second sentence which begins, "Later that year, a jury convicted Walker of pimping and pandering . . ." delete the word "pimping" so that the sentence reads:

    Later that year, a jury convicted Walker of pandering and found him not guilty of the other three charges.

There is no change in the judgment.

The petition for rehearing, filed February 8, 2023, is denied.

02/21/2023                                    STREETER, Acting P. J.

2

Filed 1/25/23  P. v. Walker CA1/4 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY WALKER,<br><br>          Defendant and Appellant. | A164170, A164171, A164172<br><br>(City & County of San Francisco Super. Ct. No. CT2219428) |

These consolidated appeals concern Jeffrey Walker's petitions for factual innocence and an order sealing arrest records under Penal Code section 851.8[1] in three separate criminal cases.  In appeal number A164172, Walker appeals from orders denying his motions for reconsideration of the trial court's order denying his section 851.8 petition.  Those orders are not appealable because the reconsideration motions present the same factual and legal basis as Walker's section 851.8 petition in that matter.  We therefore dismiss appeal A164172.  Regarding cases A164170 and A164171, we transfer those matters to the appellate division of the superior court because the section 851.8 petitions at issue in those appeals involve arrests that did not result in an accusatory pleading, and, therefore, jurisdiction rests with the appellate division of the superior court.  (§ 851.8, subd. (p)(2).)

---

[1] All undesignated references are to the Penal Code.

# BACKGROUND

The following section describes the relevant facts pertaining to appeal number A164172. We need not describe in detail the facts in appeal numbers A164170 and A164171, and we discuss any facts relevant to those appeals in our discussion of those matters below.

On May 25, 2005, Walker was arrested for felony violations of rape by force, fear or threats (§ 261, subd. (a)(2)), sexual penetration by force, fear or threats (§ 289, subd. (a)(1)), lewd or lascivious act on a child under 14 years old (§ 288, subd. (a)), and pimping and pandering (§ 266i, subd. (a)(2)). Later that year, a jury convicted Walker of pimping and pandering and found him not guilty of the other three charges. The court sentenced Walker to 12 years in state prison.

## I. Initial Section 851.8 Petitions

On October 21, 2015, more than 10 years after his pandering conviction, Walker petitioned under section 851.8 for a finding of factual innocence and to seal and destroy arrest records for the sex offenses for which he was found not guilty. But the court declined to rule on the petition because it was improperly filed.

Over a year later, on November 7, 2016, Walker refiled his section 851.8 petition. By that point, Walker had been committed as a sexually violent predator to a facility designated by the Department of State Hospitals under Welfare and Institutions Code section 6600 et seq. A hearing for the petition was held in February 2017. Walker's appointed counsel for an unrelated matter made a special appearance on his behalf because he was "undergoing various medical procedures . . . ." At counsel's request, the court took the matter off calendar without prejudice.

## II. January 2021 Petition and March 2021 Order Denying Petition

Almost four years later, on January 11, 2021, Walker renewed his section 851.8 petition. Walker asserted that he did not know he was not factually innocent of the sex offenses until 2015, that he was thereafter diligent in pursuing relief under section 851.8, and that under *People v. Bermudez* (2009) 172 Cal.App.4th 966 and two superior court cases, the delay in filing his petition should be excused because of his ignorance of the law or an "order to show cause" should be issued. He further claimed that the court ordered him placed on "forced psychiatric medication" from 2017 until March 2021, and that his psychiatrist had lowered the dose a few months ago so that he was no longer sedated and could file the petition.

On March 4, 2021, the court denied Walker's petition as untimely. It noted that the two-year time limit had expired on May 25, 2007 and stated that it was denying the motion "because I do not believe the court has jurisdiction." Walker responded, "I will be appealing."

## III. Motions for Reconsideration and August 2021 and October 2021 Orders Denying Motions

On March 30, 2021, Walker filed a motion for reconsideration of his section 851.8 petition. According to the petition, Walker recently received "new" evidence from the Department of State Hospitals "that was in storage since 2017 when he was on forced psychiatric medication. . . ." Specifically, he received a letter from his appointed counsel dated December 2016 stating that the judge was concerned with the "Matthews" case. He argued that *People v. Bermudez, supra*, 172 Cal.App.4th 966, which he cited in his January 2021 petition, supersedes *People v. Matthews* (1992) 7 Cal.App.4th 1052 on the issue of whether ignorance of the law justifies the delay in filing a section 851.8 petition. Walker also suggested that the court did not review

3

his filings. The rest of his motion reiterated many of the same arguments and claims he made in his prior petitions regarding good cause for the delay in filing the petition.

On May 24, 2021, the court heard argument on his motion for reconsideration. At the hearing, the court found that Walker was "fully aware" of the relief available under section 851.8 in 2015. And the court questioned whether "just being on medication" was sufficient to excuse Walker's delay in filing the petition in the following six years. The court ordered Walker to submit any supplemental medical proof showing that he was "comatose and unable to file these motions. . . ."

At a hearing on August 19, 2021, the court found that although "[t]here was additional detail in terms of the facts of the medications" Walker received when he was involuntarily medicated, "[t]he new circumstances or the arguments that have been made in the motion for reconsideration were the same arguments that were made before Judge Caffese [who ruled on the January 2021 petition]." The court also noted that Walker learned of the relief in section 851.8 in June 2015 but did not file it until November 2016: "So that's over a year since you admittedly knew of the availability of the procedures that you could have, and did not file a petition at that time." The court further noted that Walker waited six months after his medication was reduced in June 2020 and he became competent to renew his petition. The court therefore denied Walker's motion for reconsideration.

On October 4, 2021, Walker filed a motion for "review for reconsideration," again arguing that he was incapacitated for several years and that the court, in denying his petition on March 4, 2021, did not review his filings. He further argued that there was no statute of limitations if the petition was brought under subdivision (c) of section 851.8. The court denied

the motion on the ground that Walker already had the opportunity to fully litigate his petition.

Walker appealed from the orders denying reconsideration.

## DISCUSSION

### I. Appealability in Appeal Number A164172

The Attorney General contends that appeal number A164172 should be dismissed because it is an appeal from orders denying Walker's motions for reconsideration of the order denying his section 851.8 petition that were based on the same factual and legal basis as his section 851.8 petition. We agree.

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Walker's statement of appealability in his opening brief states that this appeal is taken from orders that are appealable under section 851.8, subdivision (p)(1), which provides that "[a] judgment of the court under subdivision (b), (c), (d), or (e) is subject to" an appeal, in felony cases, to the court of appeal. (§ 851.8, subd. (p)(1).) The March 4, 2021 order denying Walker's section 851.8 petition constitutes a judgment for purposes of subdivision (p) of section 851.8 because it denied him relief under subdivision (c) of that section.

However, Walker is appealing from the August 19, 2021 and October 4, 2021 denials of his motions for reconsideration of the March 4, 2021 order,[2] and not the March 4, 2021 order. Even if we were to liberally construe the

___

[2] The notice of appeal refers to an August 2021 order and a September 2021 order. However, the only September 2021 orders in the record before us are orders to continue hearings for unrelated matters. Walker clarifies in his appellate briefs that he is appealing the August 19, 2021 and October 4, 2021 orders.

notice of appeal as encompassing the March 4, 2021 order, his appeal from that order would be untimely since it needed to be filed by May 3, 2021.[3] (§ 1239, subd. (a); Cal. Rules of Court, rule 8.308, subd. (a).) The question then is whether the orders denying Walker's reconsideration motions are appealable.

Section 851.8 does not authorize appeals from orders denying a motion to reconsider a judgment of the court under that section. But under section 1237, a defendant may take a criminal appeal from "any order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b).) An order determining the factual innocence of a defendant constitutes an order affecting the substantial rights of a defendant. (*People v. Caldwell* (2018) 29 Cal.App.5th 180, 189.)

The seemingly broad scope of subdivision (b) of section 1237 has been limited by the caselaw. Even if an order semantically qualifies as an order

---

[3] Walker does not argue that the appeal should be deemed timely as to the March 4, 2021 order denying his petition. We note that the constructive filing doctrine may allow an appeal notwithstanding an untimely notice of appeal where the defendant was "lulled into a false sense of security" by the trial court's conduct or representations. (*People v. Lyons* (2009) 178 Cal.App.4th 1355, 1362.) For example, the Supreme Court has applied the doctrine where the trial judge "misled" a pro per defendant into delaying his appeal by permitting him to make a motion for new trial after judgment had been entered. (*People v. Martin* (1963) 60 Cal.2d 615, 619.) But while Walker has filed a motion for constructive filing, it concerns only the court's apparent non-receipt of the notice of appeal he placed in the jail's regular mail in August 2021, and seeks to have the notice deemed filed as of that time—still too late to appeal the March 4, 2021 denial of his petition. Nothing in the declaration Walker filed with his motion addresses whether the trial court's handling of his motion for reconsideration caused him to refrain from filing a notice of appeal of the March 4th order after telling the court at the hearing that he would appeal. (See *Lyons, supra,* at p. 1362 [appellant must make evidentiary showing]; see also *People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1063, fn. 2.)

after judgment affecting substantial rights, "an order ordinarily is not appealable when the appeal would merely bypass or duplicate appeal from the judgment itself." (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 980–981, citing *People v. Thomas* (1959) 52 Cal.2d 521, 527.) " 'In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and, since there is no time limited [sic] within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment.' " (*Gallardo,* at p. 981.) There are narrow exceptions to this rule, such as when the record on appeal would not have shown error or when the order is void. (*People v. Totari* (2002) 28 Cal.4th 876, 882.)

In *People v. Cantrell* (1961) 197 Cal.App.2d 40, 41, the defendant contended that his appeal from an order denying his motion to modify the judgment of conviction was appealable as an " 'order made after judgment, affecting the substantial rights of the party.' " The appellate court found that the judgment was not void on its face and that the defendant's asserted errors "encompass matters known to [him] at the time of trial and could have been reviewed upon an appeal from the judgment." (*Id.* at pp. 43–44.) Citing the rule from *People v. Thomas, supra*, 52 Cal.2d 521, the *Cantrell* court held that under those circumstances, the order denying the motion to modify was not appealable. (*Cantrell,* at p. 45.)

Similarly, in his motions for reconsideration, Walker made the same arguments and cited the same authority as he had in his section 851.8 petition. The "new" facts Walker cited in his March 2021 reconsideration motion (i.e., the trial court's concern in 2016 about *People v. Matthews* (1992) 7 Cal.App.4th 1052), and the documents that prompted Walker's discovery of

7

those facts existed well before Walker filed his petition in January 2021, and his asserted errors could have been reviewed on appeal from the March 4, 2021 order. Thus, his motions "merely ask[ed] the court to repeat or overrule [a] former ruling on the same facts." (*People v. Cantrell, supra,* 197 Cal.App.2d at p. 43.) Permitting an appeal of the court's orders denying reconsideration would "virtually allow[] two appeals from the same ruling" and would have the effect of extending the time for appealing. (*Ibid.*; see *People v. Lynn* (1978) 87 Cal.App.3d 591, 592–593 [order denying modification of sentence was not appealable because the motion for modification presented the same arguments made at the sentencing hearing; "[t]o permit this would allow [the defendant] to greatly extend the period for filing an appeal through bootstrapping"].)

Walker contends that the denials of the motions for reconsideration are appealable orders because the court requested and accepted new evidence, considered the People's written opposition, and heard argument. But even if we assume that an order denying reconsideration is appealable under subdivision (b) of section 1237 when the motion is based on a material change in facts or law, here the trial court found that Walker did not present new circumstances or arguments in support of his reconsideration motions; he merely provided "additional details" of medications he received to support his claim that he was incompetent for a period of time, a claim he made in his section 851.8 petition. Moreover, Walker does not contend that he could not have presented this evidence with his petition. The considerations giving rise to the *People v. Thomas* rule " 'are the same whether the matters sought to be presented by motion to vacate actually were presented to the trial court prior to judgment of conviction, or whether such matters should have been but were not so presented.' " (*People v. Totari, supra*, 28 Cal.4th at p. 882.)

Accordingly, the appeal in appeal number A164172 must be dismissed, and we do not reach the merits.

## II. Appeal Numbers A164170 and A164171

The Attorney General argues that appeal numbers A164170 and A164171 should be dismissed for lack of jurisdiction because jurisdiction rests with the appellate division of the superior court.

Section 851, subdivision (p)(2), provides that "[a] judgment of the court under subdivision (b), (c), (d), or (e) is subject to the following appeal path: . . . [¶] (2) In a misdemeanor case, or in a case in which no accusatory pleading was filed, appeal is to the appellate division of the superior court." Here, Walker's petitions in the underlying cases sought relief under subdivision (c) of section 851.8 for arrests that occurred in 2002 and 2003. Neither of those arrests resulted in an accusatory pleading. As such, jurisdiction of those cases belongs with the superior court's appellate division under subdivision (p) of section 851.8.

We decline Walker's request to exercise our discretion under section 1471 to transfer those appeals to this court. That section limits the grounds on which we can transfer a case to the court of appeal from the superior court's appellate division to situations where the "transfer appears necessary to secure uniformity of decision or to settle important questions of law." We see no important question of law or an issue requiring uniformity that makes it necessary to transfer those cases to this court. Walker's concern that transfer of two of the three appeals could result in duplicate efforts and inconsistent decisions is mooted in light of our dismissal of the appeal in appeal number A164172.

We therefore transfer the matters in appeal numbers A164170 and A164171 to the appellate division of the superior court.[4]  (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 40.)

## DISPOSITION

Appeal number A164172 is dismissed.  Appeal numbers A164170 and A164171 are hereby transferred to the Appellate Division of the City and County of San Francisco Superior Court.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
WHITMAN, J.[*]

---

[4] We deferred ruling on Walker's motion for constructive filing of his notices of appeal pending our consideration of the parties' arguments in their briefs.  We now deny the motion as moot as to appeal number A164172.  Regarding appeal numbers A164170 and A164171, we leave it to the appellate division of the superior court to determine the motion's disposition.

[*] Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.